Uditsky *v.* Krakovitz, Appellant.

Argued September 29, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Herbert G. Marvin,* with him *Ralph N. Kellam,* for appellant.

*David W. Yaffe,* for appellee.

OPINION BY STADTFELD, J., November 18, 1938:

On March 16, 1937, the claimant, Ike Uditsky, filed a compensation claim petition in which he alleged that on March 27, 1936, while engaged in grinding and beveling glass in the shop of defendant, M. Krakovitz, he sustained an accident resulting in "paralysis of the left hand, arm, and the left side of the body." It was also alleged that although no formal notice of the injury was served upon the employer until March 1, 1937, the foreman at the shop knew immediately of its occurrence.

The defendant filed an answer denying that claimant had suffered any accident in the course of his employment and denying that claimant had given any notice thereof to his employer.

The referee decided the case in claimant's favor and made an award of compensation for permanent total disability under Section 306 (a) of the act. The board, however, modified the award by directing payment to be made in accordance with Section 306 (c) for the loss of use of the left arm, and affirmed the decision of the referee as thus modified. This appeal follows.

Appellant contends (1) that claimant failed to comply with the requirement of the Workmen's Compensation Act for the giving of notice of the injury, and (2) that there is no legally competent evidence to support the finding that claimant's disability resulted from the accident.

On March 27, 1936, while claimant was working in the defendant's shop, the foreman, Thomas Almond, ordered him to grind a large piece of glass about twenty-four inches by thirty inches and one-inch in thickness. Claimant testified that he had never before worked a

piece of glass of such proportions by himself, and, that he started to grind this glass without a helper, the foreman wishing to have it done in a hurry. Claimant picked up this piece of glass and carried it several feet over to the machine. There he held the glass in both hands suspended over the machine so that it did not rest on the grinder and began working on it. A few minutes later, when he had almost completed the job, the glass suddenly slipped but claimant saved it from falling and as he did so, he experienced a sensation which he described as follows: "...... like a fire came into my head ...... And all over my face and I felt my hand get numb." He managed to finish the work and then went directly to the foreman and said to him, "...... I feel sick, my head hurt me and my face and my hand. I have no strength in my hand." Whereupon, the foreman, the claimant testified said, "All right, take smaller work," but he could not do it. Claimant never reported back for work after that day. Such were the circumstances and the conversation surrounding the injury of which, appellant contends, no notice had been given.

Provisions of the Workmen's Compensation Act pertinent to the question of notice of injury, are Sections 311, 312 and 313. Section 311 of the act as amended 1927, April 13, P. L. 186, provides that: "Unless the employer shall have actual knowledge of the occurrence of the injury, or unless the employee or some one in his behalf, or some of the dependents or some one in their behalf, shall give notice thereof to the employer within fourteen days after the accident, no compensation shall be due until such notice be given or knowledge obtained; ...... *and, unless such knowledge be obtained, or notice given, within ninety days after the occurrence of the injury, no compensation shall be allowed.*"

Section 312 of the act provides that: "The notice referred to in section three hundred and eleven hereof shall

be substantially in the following form ...... (form) ...... But no variation from this form shall be material if the notice be sufficient to inform the employer that a certain employe, by name, received an injury, the character of which is described in ordinary language, in the course of his employment on or about a time specified and at or near a place specified."

Section 313 of the act provides for the method of service of notice and under its construction, knowledge of the occurrence of an injury on the part of appellant's foreman or notice thereof given to him is deemed to be knowledge of, or notice to the appellant employer.

In the instant case, it is apparent from the evidence, that the foreman knew claimant's name; that he was informed in ordinary language, of the character of claimant's injury as claimant himself knew it; that he knew whatever injury claimant suffered had occurred in the course of his employment at the shop, some time during the five or ten minutes after claimant left the foreman to carry out his orders and before reporting back to him. Being fully aware that each case must necessarily depend upon the particular facts for its ultimate determination, we consider the extent of the foreman's "actual knowledge" (the equivalent of notice, under the act) together with the notice given him by claimant under the immediate circumstances. Adopting a rule of liberal construction as a guide in construing the provision requiring notice of the injury, we are agreed that claimant has substantially complied with the particular provision. This conclusion is fully warranted by a broad and liberal construction of the provisions of an act, remedial in character, in order to effectuate its purpose.

The sole question that remains to be considered, is whether or not there is any legally competent evidence to support the finding that claimant's disability resulted from the accident. The evidence discloses that claimant never reported back for work after the day of the acci-

dent. He consulted Dr. Zimring, who advised him to have his tonsils removed. The operation did not help him. Electrical treatments, x-ray examinations and salt baths failed to give any relief. Finally, claimant consulted Dr. Samuel Baron, who sent claimant to the hospital for diagnosis and treatment.

At the referee's hearing, Dr. Baron testified that the admission diagnosis made by the hospital was hemaplegia and that the clinical diagnosis was polycythemia vera and cerebral thrombosis; that at the hospital, claimant was put through all sorts of tests, none of which revealed any organic diseases; and, that, according to the hospital studies, there was nothing in a physical way responsible for claimant's condition. He further testified that, in his professional opinion, claimant was suffering from a cerebral thrombosis causing his condition and that the extreme effort exerted in saving the slipping glass from falling, would be sufficient to have caused the cerebral thrombosis. Dr. Arthur McGinnis, called as an expert medical witness, testified that claimant's condition was caused by the lifting or holding of the piece of glass he had been working on. The medical testimony adduced in this case, meets the prescribed standard.

We are of the opinion, therefore, that there is legally competent evidence to support the finding of the referee, approved by the board, that claimant's injury resulted from the accident in the course of his employment. Hence, we regard the finding as conclusive.

Judgment affirmed.