Opinion by
 

 Baldrige, J.,
 

 This appeal from a judgment entered in a workmen’s compensation case raises two questions for our consideration. (1) Did the employer receive notice of the injury within the ninety day period as provided in section 311 of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, §3, 77 PS §631? (2) Was the medical testimony sufficient to warrant a finding by the board that the claimant’s disability was due to an accident rather than a pre-existing disease? Both of these questions are answered in the affirmative.
 

 The testimony shows that the claimant on November 3, 1937, very shortly before the end of his shift, was using a twelve pound hammer in putting a piece of timber on top of a mine prop. Once he missed the object at which he struck and as a result the wooden handle of the
 
 *481
 
 hammer hit him in the pit of the stomach. He was unable to continue his work and told a fellow-miner of his injury. These two men then walked to the foot of the shaft where claimant became violently ill, vomited blood, and lost consciousness. He was removed to the hospital where he remained for eighteen days.
 

 The claimant had previously been treated for stomach trouble, which, according to medical testimony, was due either to an ulcer or an enlargement or congestion of the mucous membrane, medically known as hypertrophic gastritis.
 

 The claim petition was filed January 7,1938, in which appears the following question and answer: “5. What was the nature of the injury and how was it caused? [A.] While standing prop I sprained my abdomen.” The referee refused compensation, holding that notice was not given to the employer of the accident or injury as required by section 311, supra, and that the claimant’s condition was due to a pre-existing cause without being aggravated by any trauma. The board reversed the referee and substituted its own finding to the effect that the employer had been notified, and that the blow in the stomach aggravated a pre-existing stomach ailment and made an award in claimant’s favor. The action of the board was affirmed by the court of common pleas and judgment was entered for claimant on the award. Defendant appeals.
 

 Section 311, supra, requires that the employer be given proper notice within ninety days after the occurrence of the injury, otherwise no compensation shall be allowed:
 
 Dorsch v. Fisher Scientific. Co. et al.,
 
 136 Pa. Superior Ct. 197, 199, 7 A. 2d 604;
 
 Beck v. Franklin Glass Corp.,
 
 136 Pa. Superior Ct. 204, 7 A. 2d. 600. In both those cases cited by appellant notice was given after the statutory period. This alleged accident occurred November 3, 1937. The claim petition was filed January 7, 1938, which in itself gave notice to the
 
 *482
 
 defendant of an accidental injury. While there is some variance between the nature of the injury related in the claim ¡petition and that described in the evidence, it is not fatal as the former was sufficiently specific to comply with the requirements of the statute.
 

 Section 312 of the Act of 1915, supra, 77 PS §632, gives a form of notice for an employe to use and provides: “But no variation from this form shall be material if the notice is sufficient to inform the employer that a certain employe, by name, received an injury, the character of which is described in ordinary language, in the course of his employment on or about a time specified and at or near a place specified.”
 

 The company was given information in the claim petition that the claimant was injured in his abdomen while setting up a prop. It had then sufficient particulars to make any further inquiry it deemed necessary. The section under consideration, like all the other parts of our compensation statutes, should be given a liberal construction:
 
 Uditsky v. Krakovitz,
 
 133 Pa. Superior Ct. 186, 189, 2 A. 2d 525.
 

 Furthermore, Adam Maticka, the miner with whom claimant was working, testified that he told the fire boss the next day what had happened to the claimant, and the fire boss admitted that he had “heard about this accident.” Notice to him was notice to the employer under section 313 of the Act of 1915, supra. We place more weight, however, upon the filing of the claim petition against the defendant within the ninety day period.
 

 Taking the evidence in its entirety we think there was sufficient proof of a notice in this case to comply with the statutory requirement.
 

 The second question needs but little discussion. The claimant relied on the medical testimony of Dr. Michael Bachunis, who testified that it was the blow claimant received that aggravated the stomach condition, broke down one of the small vessels leading into the affected
 
 *483
 
 area where blood gradually accumulated, and the blow was a marked contributory factor in bringing about his disability, which lasted from November 11, 1937, to April 13,1938, when claimant returned to work. While this testimony was contradicted by other medical experts it was sufficient, if believed, to definitely show a causal connection between the injury and the disability:
 
 Elonis v. Lytle Coal Co.,
 
 134 Pa. Superior Ct. 264, 3 A. 2d 995;
 
 Monahan v. Seeds & Durham et al.,
 
 336 Pa. 67, 71, 6 A. 2d 889;
 
 Beck v. Franklin Glass Corp. et al.,
 
 supra.
 

 Concluding as we do that there was sufficient evidence to support the board’s finding, we are not warranted in disturbing it.
 

 Judgment of the court below is affirmed.