## Bearer v. Morris

*Randall B. Luke*, for claimant.

READER, P. J., January 9, 1943. — Margaret B. Bearer, the claimant, is the widow of Milton R. Bearer, who died September 20, 1939, at the Providence Hospital, Beaver Falls, Pa. His death was caused by acute blood poisoning resulting from a wound in his right hand. Alleging that deceased was an employe of defendant and that he sustained the injury which caused his death while engaged in such employment, the claim for compensation was filed by the widow. The case was referred to Laurence V. Gibb, referee. Hearings were had before him on September 12, 1940, November 7, 1940, and February 20, 1941, at which considerable testimony was taken. Upon the basis of the testimony so taken the referee found that the deceased was an employe of defendant and suffered the injury causing his death in the course of this employment. An award was accordingly made in favor of the claimant for com-

pensation, and in favor of others for medical services, hospitalization, and funeral expenses. An appeal was taken to the Workmen's Compensation Board by defendant. The board affirmed the referee's findings of fact, conclusions of law, and award, and dismissed the appeal. From the action of the board an appeal was taken to this court. . . .

The remaining question is as to whether defendant received such notice of the injury to Bearer as the law requires. If the injury was sustained at the slaughterhouse, in view of the small number of persons engaged there at the time, it seems hardly probable that it would not have come to the immediate knowledge of defendant. Ferrucci's testimony is that he bandaged the wound at the slaughterhouse Saturday morning, and that, as he recalled, defendant was present at the time. Glendon J. Bearer, as above noted, testified that on the Monday following the injury he talked with defendant at his home in Beaver Falls, advised him of the injury to his father while engaged in his employment by defendant, of the fact of his father's poverty, and asked defendant to assist him.

It is argued on behalf of defendant that, accepting the evidence referred to as true, it does not prove such notice as is required by The Workmen's Compensation Act of June 21, 1939, P. L. 520, 77 PS §§631-32. It is contended first that the notice must be in writing. We find nothing in the Act of 1939, however, which requires the notice to be in writing. Sections 311 and 312, as amended by this act, read as follows:

"Section 311. Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within fourteen days after the accident, no compensation shall be due until such notice be given, and, unless such notice be given within ninety days after the occurrence of the injury, no compensation shall be allowed.

"Section 312. The notice referred to in section three hundred and eleven hereof shall be substantially in the following form:

To (name of employer).

You are hereby notified that an injury of the following character ( . . . . . . . . . . . . . . . . . . ) was suffered by (name of employe injured), who was in your employment at (place), while engaged as (kind of employment) on or about the ( . . . . . . . . ) day of ( . . . . . . . . ), Anno Domini ( . . . . . . . . ), and that compensation will be claimed therefor.

Date . . . . . . . . . . . :      Signed ( . . . . . . . . . . . . . . ).

But no variation from this form shall be material if the notice be sufficient to inform the employer that a certain employe, by name, received an injury, the character of which is described in ordinary language, in the course of his employment on or about a time specified and at or near a place specified."

While section 312 suggests a form for such notice it does not require that it be in writing. It even provides that a variation from the form is not material if the notice given conveys to the employer the substantial information indicated in the last sentence of the section. In view of the frequent statements of the appellate courts that the statute is to be given liberal construction in maintaining the rights of injured employes, we think we should not read into the act a stricter requirement than its language imports.

It is further argued on behalf of defendant that since the amendment of 1939 the actual knowledge of the employer cannot be a substitute for the prescribed notice. This argument is based upon the omission from section 311, as amended in 1939, of the following words which in the act prior to amendment preceded the direction as to notice, namely: "Unless the employer shall have actual knowledge of the occurrence of the injury . . ." So far as we have learned the question

thus raised has not yet been passed upon by our appellate courts. Prior to the amending Act of 1939 it was held that actual knowledge of the injury by the employer or his agent dispensed with notice. In the recent case of Kennedy v. Holmes Construction Co. et al., 147 Pa. Superior Ct. 348, the court said (p. 358):

"However, the actual knowledge of the occurrence of claimant's injury on the part of the foreman was knowledge to the employer, and the equivalent of notice under the act."

The court cites the case of Uditsky v. Krakovitz, 133 Pa. Superior Ct. 186. It is still true that the purpose and end of notice is knowledge. Even the variance in the language of the earlier and later acts above noted cannot change the substantial function of notice, or minimize the effect of· actual knowledge. We are not yet persuaded that an employer having actual knowledge of a compensable injury to his employe at the time of its occurrence, or within 14 days thereafter, can escape liability by reason of not being served with formal notice of its occurrence. So to construe the statute seems to us to be carrying strict and literal construction to the point of defeating its broad and fundamental purpose. In this respect also the act must be given a liberal construction. We think, however, that the decision of the present case does not depend upon the construction we adopt of this feature of the statute. It seems to us that, in any case, whether the employer has received sufficient notice of the injury is to be determined by a consideration of the facts of the particular case rather than by the unvarying application of a hard and fast rule. The testimony of Glendon J. Bearer, above referred to, is the effect that a few days, less than 14, after the injury to his father he called upon defendant at his home, called his attention to the fact that his father was employed by defendant, that he was injured at defendant's slaughterhouse, and asked defendant to do some-

thing for him. He testified that Morris said he would do nothing for the father, and ordered the son away, adding, however, that when the father got better he should call on defendant and he might fix him up in some way. At the same time the son advised defendant that the injury to his father was serious, might result in blood poisoning and possible death. This is at least notice of an injury in the course of the employment, and of a claim based upon it.

In this connection the other evidence in the case should be considered. The employment, found by the referee and the board, on what we think is sufficient competent evidence, began in the afternoon or early evening of September 1, 1939. It ended sometime on the morning of September 2, 1939, when, following the injury to his hand, Bearer returned to Beaver Falls with defendant. The time of the injury, it being suffered at the slaughterhouse, must have been known to defendant to have been within those narrow limits. Edward Scanlon saw Bearer at the slaughterhouse between 7 and 7:30 o'clock on the evening of September 1st. Samuel Morris, son of defendant, saw him there about 8 or 9 o'clock that evening. Defendant saw him there about 11 or 11:30 o'clock that evening, according to his own testimony, though there is evidence that he may have taken him there much earlier. Ferrucci testified that he bandaged Bearer's injured hand at about 6:30 or 7 o'clock in the morning of September 2, 1939, in the slaughter-house, the wound looking as if caused by a sharp instrument. He stated that his recollection was that defendant was present when he did this. This evidence, if believed, fixes upon defendant knowledge of certain facts relating to the presence of Bearer at the slaughterhouse and the injury to him. If the knowledge of defendant is not equivalent to notice, certainly it may be considered in determining the effect and sufficiency of the notice which was given. From a consideration of all the evidence, we are satisfied that defend-

ant had timely and full notice of the injury to Milton R. Bearer, sufficient to meet the requirements of the statute, and to support the finding of the referee and the board.

Our conclusion is that the findings of fact, conclusions of law, and award of the referee, affirmed by the board, are supported by sufficient competent evidence and should not be set aside. . . .