Kirk *v.* Joseph Horne Company, Appellant.

Argued April 19, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David M. Kaufman,* for appellant.

*G. Richard Klare,* for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1945:

The compensation authorities made an award for total disability for a period of 58 5/7 weeks. This appeal is from the action of the court affirming the award.

The main question before us is whether the employer received notice of the accident within 90 days after its occurrence as required by section 311 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, Article III, as amended by the Act of June 21, 1939, P. L. 520, 77 PS §631.

Claimant had been employed for a number of years in defendant's department store as a floor walker. Admittedly, prior to the alleged accident he had been suffering from a vascular impairment, known technically as thrombo angitis obliterans or Buerger's Disease. He bases his right to compensation on an injury to his right leg and foot received December 14, 1940. He testified that a package truck, pushed by a boy, crashed into him with such force that he would have been knocked down if he had not been holding on to a desk. He continued to work, although suffering pain, which evidently was temporary, as he explained that his delay in giving notice of the accident was because he "really hadn't given that a whole lot of thought until much later on ......" On January 5, 1941, he noticed a crack in the calloused skin of his right heel. The next day he visited the store nurse who treated the heel. The day following he returned to her and complained of pain. She applied a boric acid solution and put on a bandage. Securing no relief he consulted Dr. R. C. Snyder and upon his recommendation he entered the Suburban General Hospital on January 14, 1941, where he remained until February 23. An ulcer on the heel developed and after it was cured a calloused projection remained, making it dangerous for him to put pressure on the right heel. The defendant store's nurse visited him in the hospital and he informed her that he claimed compensation for a cracked heel caused by his continuous walking in the store.

Defendant's insurance carrier, having been advised of his claim, sent a representative on February 18, 1941, to the hospital to interview him concerning the cause of

his disability. No mention, whatever, was made to the defendant or any of its agents until April or May 1941, more than 90 days after the accident, that compensation was sought for an accidental injury caused by a package truck hitting him.

True, as appellee alleges, section 311 of the Act of 1939, supra, has been given a liberal construction (*Uditsky v. Krakovitz,* 133 Pa. Superior Ct. 186, 2 A. 2d 525; *Palermo v. North East Preserving Works, Inc.* 141 Pa. Superior Ct. 211, 218, 219, 15 A. 2d 44) but we cannot disregard its express terms. The giving of a notice, which fairly informs the employer of the occurrence of an accident and resulting injury to the claimant within the statutory period is mandatory. No discretion may be exercised in extending the time: *Dorsch v. Fisher Scientific Co. et al.,* 136 Pa. Superior Ct. 197, 7 A. 2d 604; *Beck v. Franklin Glass Corp.,* 136 Pa. Superior Ct. 204, cases cited p. 208, 7 A. 2d 600; *Roschak et ux. v. Vulcan Iron Works,* 157 Pa. Superior Ct. 227, 42 A. 2d 280.

If the appellant had filed a formal claim for compensation within the 90 day period, that of itself would constitute notice: *Matelivicz v. Susquehanna Collieries Co.,* 147 Pa. Superior Ct. 479, 24 A. 2d 115. But no claim was filed until almost a year after the alleged accident. We do not hold that a claimant is obligated to describe the accident in detail, but he must give some information that he suffered an accidental injury.

We said in *Beck v. Franklin Glass Co. et al.,* supra, p. 208, that if notice is not given "within ninety days from the date of the accident, the omission is fatal to a claim" and pointed out there that the employer is entitled to be informed of the particulars of an accident within a reasonable time so that a proper investigation may be made. In this case the boy pushing the truck was temporarily employed during the holiday season and neither side was able to identify or locate him. The personnel superintendent of the employer testified

that if he had known of the alleged accident within a month or two after it occurred he could have located the boy, but as no notice was received for more than five months after it happened an exhaustive search proved unavailing.

The claimant's oral assertion to the defendant's nurse that he wished compensation does not meet the requirements of the statute. Nor does the investigation made by the defendant's insurance carrier dispense with the statutory requirements as to notice. The compensation authorities and the court below in holding that the notice was sufficient relied upon *Uditsky v. Krakovitz, supra,* where the facts are not analogous to those before us. There the foreman directed the claimant to grind in a hurry, and without a helper, an unusually large piece of glass. The glass slipped and in an attempt to save it from falling, the claimant evidently exerted himself to an unusual degree and as a result his face and hands felt hot and he became ill. He immediately reported his condition to the foreman, who but a few minutes prior had directed him to do this particular job and knew all the circumstances attending the injury. That was a fairly close case, but we held that under the peculiar facts there was a notice within section 311.

Our disposition of the question of the failure to give notice required by our statute, makes it unnecessary to pass upon the alleged insufficiency of the evidence to support the board's finding that the accidental injury so aggravated claimant's preexisting condition as to cause permanent disability.

Judgment of the court below is reversed and directed to be entered for the defendant.