**Freddie MOON, Plaintiff-Appellant,**

v.

**AUTO–OWNERS INSURANCE CO.,**
**Defendant-Appellee.**

Supreme Court of Tennessee,
at Jackson.

Sept. 8, 1987.

Charles H. Farmer, Jackson, for plaintiff-appellant.

D.D. Maddox, Huntingdon, for defendant-appellee.

OPINION

BROCK, Justice.

In this worker's compensation action the plaintiff-employee seeks to recovery benefits for an injury to his back sustained in an accident arising out of and in the course of his employment on or about September 27, 1984 when the walls of a trench in which the plaintiff was working at the time caved in and covered most of the plaintiff's body. The trial court heard the case on the merits and rendered an opinion and decree in which it denied benefits to the plaintiff on grounds that he had failed to satisfy the notice requirements of T.C.A. § 50–6–201. The plaintiff has appealed and we reverse.

On September 27, 1984 the plaintiff, Freddie Moon, was engaged in laying a pressure water line when the 9 feet deep trench in which he was working caved in and covered from ½ to ⅔ of the length of his body. Working with the plaintiff at the time was Harold Miller who was an officer and one of the two shareholders of Sanders Construction Company, the employer, and the Company's Superintendent of Jobs. Mr. Miller helped the plaintiff Moon dig out of the dirt and asked him if he was injured. Mr. Moon replied that he was not, feeling no pain at that time. Later the two, plaintiff and Mr. Miller, went to lunch and the plaintiff worked for the remainder of that day. The next day plaintiff Moon told

Dwight Sanders, the other shareholder of Sanders Construction, that he had not been injured in the accident and he worked a few hours at Mr. Miller's farm without complaining of any injury. Thereafter, although he picked up his paycheck the plaintiff did not report to work again and never informed his employer of the pain and difficulties he began to suffer, until suit was filed.

Plaintiff Moon testified that he began to feel pain on September 28 and that on the 29th his right leg, stomach and right side began to cause him discomfort. On October 1, 1984 the plaintiff complained of pain in the groin and was treated by Dr. James Williamson, a family practitioner in Huntingdon, Tennessee, whom plaintiff told of the accident. At that time, Dr. Williamson diagnosed plaintiff's injury as a pulled muscle and there was nothing to indicate to him that plaintiff Moon was suffering from a disc injury caused by his employment.

The pain worsened, however, and moved to his lower back and Mr. Moon saw Dr. Robert Barnett, an orthopedic surgeon, in Jackson, Tennessee on October 10, 1984. He told Dr. Barnett about the accident and how he had been suffering pain in his lower back, right leg and hip and was experiencing numbness and tingling. Dr. Barnett was of the opinion that plaintiff's symptoms were consistent with the accident and admitted him to the hospital on October 12, 1984, for x-rays which disclosed a "mild disc bulge," a herniation or protrusion of a disc in the lower lumbar section of his back. Dr. Barnett decided to treat plaintiff Moon by conservative means and released him from the hospital on October 20. On October 24, 1984 Mr. Moon returned to Dr. Barnett because his leg pain was worse and he was again hospitalized until November 2. On November 11, 1984 plaintiff was readmitted to the hospital and surgery was performed and a ruptured intervertebral disc was removed and plaintiff was discharged on November 26 with a 10% partial disability to his body as a whole.

During one of his hospital admissions, the hospital called the residence of Mr. Harold Miller, one of the employer's shareholders and the Company's Superintendent of Jobs and asked Mr. Miller's wife, who answered the telephone, whether or not Sanders Construction Company would be responsible for Mr. Moon's hospital bills. Mrs. Miller, who had no connection with the construction company personally, took it upon herself to deny the company's liability for plaintiff's medical expenses. She told her husband, however, what had happened and he approved her denial. Shortly thereafter somebody informed Mr. Miller that the plaintiff Moon was going to sue the company on a claim that he had been injured while working for them. Dwight Sanders testified that when his wife told him she had seen Moon's name in a newspaper as being a patient admitted to the Jackson Hospital he "knew then he was more than likely in trouble. . . . because he would be down there claiming an injury."

Mr. Moon filed this action on October 26, 1984 seeking worker's compensation benefits. This suit is brought directly against the insurer of the plaintiff's employer. Mr. Sanders testified that he was first informed of the suit on November 12, 1984.

After a trial on the merits, the trial court dismissed plaintiff's action for failure to comply with the notice requirements set out in T.C.A. §§ 50–6–201 and 50–6–202. The trial judge held that the employer had actual knowledge of the accident but not of the injury resulting from the accident and that the filing and service of the plaintiff's complaint in this action on the employer's insurer did not satisfy the notice requirement of the statute. The trial judge held that plaintiff was excused from giving notice from the date of the accident until October 24, 1984 because of lack of knowledge of his injury, which the trial court held to be reasonable. Although this action was filed on October 26, 1984 just two days after the plaintiff acquired knowledge of his injury and that it resulted from his accident, the trial judge nevertheless held that the notice requirements had not been satisfied because in his view the complaint, although it set out all circumstances of the accident and his injury, could not serve as the notice required by the statute.

We do not decide the question whether or not the evidence required a finding by the trial court that the defendant had sufficient actual knowledge of the accident and injury to excuse the giving of written notice under the statute. We prefer to rest our decision on our conclusion that the filing of the complaint in this cause constituted adequate compliance with the notice requirements of the statutes. In our opinion the conclusion we reach on this issue is supported, if not mandated, by the provisions of T.C.A. § 50–6–116 which is as follows:

*Construction of Chapter.*—The rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of the worker's compensation law, but the same is declared to be a remedial statute which shall be given an equitable construction by the courts to the end that the objects and purposes of this chapter may be realized and attained.

As stated, the issue for our decision is whether or not the complaint in this case *filed within the thirty (30) day period for the giving of notice* can be considered written notice under T.C.A. §§ 50–6–201 and 50–6–202. No other written notice was given to the employer.

We have not been cited to any Tennessee decision directly in point upon this question. The trial court and the defendant have cited *R.W. Hartwell Motor Company v. Hickerson,* 160 Tenn. 500, 26 S.W.2d 153 (1930), but in our view that case is not applicable. It dealt with the question whether or not a plaintiff in a worker's compensation case must affirmatively plead that written notice has been given and concluded that such was not required. The decision of this Court in *Gluck Brothers, Inc. v. Pollard,* 221 Tenn. 383, 426 S.W.2d 763, 766 (1968), contains a statement that the defendant received no written notice until served with process, perhaps implying, but not holding, that the complaint constituted sufficient written notice.

There is a division of authority in other jurisdictions respecting this issue, but it appears that under circumstances similar to those in this case most jurisdictions would find that the complaint satisfied the statutory notice requirements. *Seiber v. Industrial Commission,* 82 Ill.2d 87, 14 Ill.Dec. 280, 284, 411 N.E.2d 249, 253 (1980); *Peabody Coal Company v. Powell,* Ky., 351 S.W.2d 172 (1961); *Spence v. Bethelem Steel Company,* 173 Md. 539, 197 A. 302, 308 (1938); *Perkins v. Young,* 133 Neb. 234, 274 N.W. 596, 597 (1937); *Chapman v. Valley Diner,* 27 N.J.Misc. 438, 55 A.2d 21, 25 (1947); *Gulf Oil Corporation v. Kyes,* 197 Okl. 367, 151 P.2d 785 (1943); *Kirk v. Joseph Horne Company,* 157 Pa. Super. 288, 43 A.2d 339, 340 (1945). *Contra: Alabama Marble Company v. Jones,* 217 Ala. 300, 116 So. 147 (1928); *Nevada Industrial Commission v. Demosthenes,* 61 Nev. 355, 128 P.2d 746, 750 (1942).

We hold that under the circumstances of this case the complaint, filed as it was within the thirty (30) day period prescribed by the notice statutes, satisfied the notice requirements of those statutes in this case. The employer already had actual knowledge of the accident, its time, place and possible effects, since one of the principal owners was present with the plaintiff at the time the accident occurred. All that was lacking was notice that an injury had resulted. Within thirty (30) days of his acquiring knowledge of the injury and that it had resulted from his on-the-job accident, the plaintiff gave written notice of that injury in the form of his complaint filed in this action. T.C.A. § 50–6–202, requires that notice of the accident and injury be given to the employer or to "his agent." For these purposes we hold that the employer's worker's compensation insurer was the agent of the employer.

We hold that the statutory notice requirements as interpreted in *Masters v. Industrial Garments Manufacturing Company, Inc.,* Tenn., 595 S.W.2d 811 (1980) have been satisfied and that the trial court erred in dismissing the complaint.

The judgment of the trial court is reversed and this cause is remanded to that court for further proceedings consistent

with this opinion. Costs incurred on appeal are taxed against the defendant-appellee.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.