In the Matter of the Claim of MADELINE WALL, Respondent, against R. H. MACY & Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award in favor of claimant. Deceased employee was a chief detective for the employer, and while driving an automobile south on Bronxdale and Pierce avenues, borough of Bronx, in the course of his employment, and shortly after passing around a sharp curve in the road, the automobile mounted the west curb and struck an electric light pole standing between the curb and the sidewalk, causing injuries from which he died in a hospital five hours later. The appellants claim that the accident was due solely to the intoxication of the deceased. The Board has found upon sufficient evidence that the injuries were not due solely to intoxication. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of GRACE TALBOT, Respondent, against CLAUDE W. KRESS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the carrier from an award of the State Industrial Board. The carrier contends that there is no evidence to support a finding that the employer was not prejudiced by the failure to give written notice pursuant to section 18 of the Workmen's Compensation Law. The claimant has been employed steadily by the employer for three and one-half years as a domestic, and had worked for the employer on and off for the past twenty years. On October 14, 1933, the claimant went into the laundry at nine o'clock P. M. without sufficient light, stumbled over an ice cream motor, and struck and bruised her breast. The breast became discolored and sore, but the claimant did not regard it as a serious matter; she continued her work, and soreness and pain again developed in the April following. On July fifth a doctor was called and examined the claimant. It was then that the claimant first learned and realized that she had suffered a serious injury which arose from the accident and it was then that she notified the employer and a day or two later the breast was removed because of the presence of adeno-carcinoma. The evidence justified the finding of the Board that it was not possible for the claimant to have given notice at an earlier time than she did, and also the finding that the employer was not prejudiced. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of BIRGER GULLESTAD, Respondent, against SWANSON CONSTRUCTION CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured on November 10, 1932. He elected to sue a third party. On June 27, 1933, his action was dismissed on the ground that it had been brought against the wrong party (the general instead of the subcontractor). He then elected to take compensation. (*Matter of McCann* v. *Baker Elevator Corp.*, 264 N. Y. 529.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.