# Williams *v.* Temple University Hospital, Appellant.

48

Argued March 17, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Raymond J. Porreca,* with him *Raymond A. White, Jr.,* for appellants.

*W. Clark Hanna,* for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Claimant was injured in February, 1950, and filed a claim for workmen's compensation in December, 1950. After hearings the referee disallowed the claim. The

Board set aside several findings of fact, substituted its own and made an appropriate award to claimant. The court below affirmed the action of the Board and the employer and its carrier have appealed.

Claimant, a kitchen helper in defendant hospital, testified that two fellow employes were scuffling and one of them accidentally stepped on the big toe of his left foot. As a result, gangrene set in and it was necessary to amputate claimant's left leg above the knee. The medical testimony established that claimant had suffered from diabetes for many years; that diabetics are prone to gangrenous infections upon less shock than a normal person.

Appellants first contend that the testimony is indefinite, conflicting and mutually inconsistent as to when, where and the manner of the happening of the accident and accidental injury. The reasons advanced by appellants are captious and inconsequential. Appellants offered no evidence to contradict the testimony of claimant and his witnesses on the facts of the accident or on the causal connection between the accident and the ultimate injury. There was a variance in the testimony as to the exact date of the accident, in that three days of a consecutive four day period were mentioned. The lapse of time between the injury and the hearing (approximately sixteen months) could easily account for a mistake of memory. No reason is advanced by appellants as to the importance of such a minor error. Equally inconsequential is the fact that claimant alleged the injury to have occurred in the kitchen, while his witness referred to the locker room. The significance of this variance is not apparent. Suffice it to say both are on the employer's premises. Further, the very nature of the accident, in which claimant's toe was accidentally stepped on by one of two men engaged in a scuffle, would preclude a detailed description of the precise events,

such as appellants now insist is necessary to sustain the findings.

Appellants next contend that there is no finding of fact and no competent medical testimony as to what injury was sustained. The Board's findings of fact were: "2. The claimant was injured on February 23, 1950, while cleaning in the defendant's kitchen when two co-employes who were engaged in a friendly scuffle, came close to him and one of them stepped on the great toe of the claimant's left foot. . . 4. The claimant suffered from diabetes on and prior to February 23, 1950, and the injury sustained by the claimant aggravated his pre-existing condition causing gangrene to set in. 5. The claimant's left leg was amputated above the knee, by reason of the accidental injury he sustained on February 23, 1950." These findings are certainly explicit enough to support an award. Claimant's medical testimony clearly establishes the history of diabetes. Based on the assumption that the injury related by claimant did occur, the doctor who attended the amputation gave as his conclusion that the gangrene and the subsequent necessary amputation resulted from trauma. This meets the evidentiary requirements needed to establish a causal connection between the injury and the disability, since the happening of the accident was proven by claimant's own testimony. *Darmopray v. Budd Manufacturing Co.*, 169 Pa. Superior Ct. 200, 82 A. 2d 341, *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 A. 256. Further, claimant's chiropodist testified that he examined the toe the day of the accident and noted that it was bruised, as if by a blow. This chiropodist had treated claimant's left foot several weeks before and was therefore familiar with its condition. This, taken together with claimant's testimony, was sufficient to establish the occurrence of the accident and to form the basis for the hypothesis upon which the experts predicated the causal connection.

*Shatto v. Bardinet Exports, Inc.*, 170 Pa. Superior Ct. 16, 84 A. 2d 388, and like cases cited by appellants, are distinguishable because there the medical witnesses based conclusions of causal connections upon assumptions not independently proven.

Appellants contend that the chiropodist admitted that claimant's toe was infected about three weeks prior to the accident, and that therefore it is reasonable to infer that the gangrene was the result of the natural progress of this infection. On appeal from an award for claimant, the evidence must be reviewed in the light most favorable to claimant, and he must be given the benefit of every inference reasonably deducible therefrom. *Darmopray v. Budd Manufacturing Co.*, supra. Viewed in this light the evidence establishes that this doctor admitted only that there might have been a slight infection at that time, but that he treated claimant for normal foot sanitation, and that upon seeing the toe after the accident, he immediately referred him to a regular physician. The inference is obvious that he became alarmed about claimant on seeing the toe bruised and lacerated after the accident and sent him elsewhere for internal medical treatment. The evidence does not warrant the inference appellants would have us draw.

The final basis for appeal is that claimant failed to give notice of the accident to his employer within ninety days as required by law. Claimant did state on cross-examination that he had told no one of the accident. But he had already testified that he notified the chief cook. Further, it appears that an investigator for defendant insurance company interviewed claimant within the ninety day period, and the amputation was performed on April 7, 1950, at defendant hospital by defendant's doctor, which was less than two months after the accident. It is clear, therefore, that defendants had actual notice of the injury sufficiently to satisfy

the requirements of the Act. The Workmen's Compensation Act is to be given a liberal construction in maintaining the rights of injured employes, and a meritorious claim is not to be defeated for technical reasons. *Wilkinson v. United Parcel Service of Pennsylvania, Inc.,* 158 Pa. Superior Ct. 22, 43 A. 2d 408.

Judgment affirmed.