■    In the Matter of the Claim of FRANCIS BUCHANAN, Respondent, against DEPOSIT CENTRAL SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant has been employed for over 13 years as a custodian in one of the public schools operated by the employer. On February 19, 1954 he notified the head custodian, Herbert Smith, that he had suffered an accident in March of 1953 while working and that as a result he had injured his left elbow and had suffered a hernia. The claimant stated that the accident had occurred when he slipped on a frosty step while carrying a garbage can down a fire escape and that his left elbow had hit the stair railing. He then notified the supervising principal, Mr. Fox, who reported the injury to the Workmen's Compensation Board on February 24, 1954. In this report it was stated that no medical care was provided, that they had no knowledge of the injury and that they would not verify it because of lack of proof. The claimant went to a Dr. Axtell on March 22, 1954, who examined his arm and sent him to Dr. Kane, a neurosurgeon. The history of the accident given to these doctors was that there had been a numbness of his fingers for about a half-hour after the accident and the fingers were sore for a day or so. Three weeks later claimant was awakened in the night by a drawing sensation in his hand and it felt numb. In the Fall of 1953 he noticed some atrophy of the hand and a little numbness. This numbness persisted and the claimant finally went to Dr. Axtell in March of 1954, one year after the accident. Throughout this time the claimant continued to perform his duties as custodian. Dr. Kane recommended an ulnar nerve transplant and he performed the operation on July 22, 1954. The claimant had a pre-existing condition in his left elbow which resulted from a fracture sustained when he was a child. This restricted complete extension and contributed in some measure to the claimant's present condition. The claimant previously had a compensable injury in 1951 when he developed a hernia. At that time a notice had been sent to all employees instructing them to report accidents immediately. An award was made to the claimant for a schedule loss of 75% of the left hand. The claim resulting from the alleged hernia was disallowed for lack of medical proof. The claimant's failure to give notice was excused on the grounds that the claimant was not aware of the seriousness of his injury and that the employer has not been prejudiced by the failure. The appellants

argue that the board erred in excusing the claimant's failure to give proper notice in that the statute does not recognize the failure to recognize the seriousness of the injury as an excuse and that the employer herein was prejudiced by the failure to give proper notice. The respondent maintains that the board acted properly in excusing the failure to give notice. It is clear that the requirements of section 18 of the Workmen's Compensation Law as to notice cannot be dispensed with by the board as a matter of course and that when the board does excuse a failure to give notice it must find facts which justify the failure (*Matter of Bloomfield* v. *November,* 219 N. Y. 374; *Matter of Hynes* v. *Pullman Co.,* 223 N. Y. 342). As this court stated in *Matter of Goldin* v. *Schneck & Bros.* (2 A D 2d 641) : " The mere naked opinion of the board that the employer had ' not been prejudiced ', in the language of the section, by the failure to give notice is not sufficient." The statute, however, provides more than one reason for excusing the claimant's failure to give notice. One of the reasons is that for some sufficient reason notice could not have been given. The board has here found the claimant was not aware of the seriousness of his injury and has given this as one of the reasons for excusing the failure to give notice. The appellants do not argue with the finding that the claimant was not aware of the seriousness of his injury but they maintain that the statute does not recognize this as an excuse. The cases seem to clearly hold that the failure to recognize the seriousness of the injury is a sufficient reason why notice could not have been given. In *Matter of Talbot* v. *Kress,* (248 App. Div. 652, affd. without opinion 273 N. Y. 512), the claimant had injured her breast in October, 1933 and did not regard it as serious and did not see a doctor until July, 1934. The court held that the evidence justified the board in finding that notice could not have been given at an earlier time. The appellants further argue that although the cases might indicate that the failure to recognize the seriousness of the injury is an excuse, that in all such cases there was substantial evidence that the employer had not been prejudiced. It appears however, that in certain cases the board's decision has been based solely on the failure to recognize the seriousness of the injury with no indication that the employer had not been prejudiced (*Matter of Moscovitz* v. *Barclay,* 270 App. Div. 786; *Matter of Gubin* v. *Leon Lederman, Inc.,* 257 App. Div. 1091). The statute (§ 18) states that the board may excuse the failure to give notice if for some sufficient reason it could not have been given and it is clear that the fact that the claimant didn't know the seriousness of his injury is such a reason and it may be relied on by the board regardless of whether or not the employer was prejudiced by the delay. The board's action therefore, in excusing the failure to give notice, was supported in our view, by substantial evidence. We cannot say as a matter of law that the board was not justified in its conclusion. This makes it unnecessary to consider whether or not the board's finding that the employer was not prejudiced was a proper one. However it seems that the board could have properly made this finding if it had based it on certain facts which appear in the record, viz., that once the claimant reported his accident no medical treatment was provided for him. In *Matter of Anderson* v. *Norwegian Lutheran Trinity Church* (2 A D 2d 613, 614) this court stated: " We cannot say as a matter of law that the board was not justified in this conclusion. Since the employer took no steps to provide medical treatment when it was informed of the accident in October, the board was justified in concluding that no medical treatment would have been provided if earlier notice had been given when the condition appeared to be much less serious." And further, that all of the school employees were given an examination each year and although no record was found, it appears that the claimant was examined in the Fall of 1953 by the school doctor and nothing was done about the arm at that time. This is also a good indication that the seriousness of the injury had not made itself

manifest at that time in the Fall of 1953. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.