Moyer, Appellant, *v.* Edinger.

Argued March 8, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*John J. Pentz, Jr.,* with him *Charles Bensinger,* for appellant.

*Raymond F. Lowery,* with him *George T. Robinson,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

The petition of appellant for compensation was dismissed by the Workmen's Compensation Board for the reason that the notice required by the Act of June 2, 1915, P. L. 736, art. III, §§311-312, as amended (77 P.S. §§631-632), had not been given to the appellee (employer) within the period prescribed by the statute. The action of the Board was sustained by the court below and this appeal followed.

The claimant alleges that he sustained an injury to his back on November 13, 1957, when, as an employee of defendant, he slipped on a loose stone while handling a piece of lumber weighing between 60 and 70 pounds. At that time he felt a sharp pain in his back, which persisted for an hour or two and then completely subsided. He did not leave work but continued throughout that day and thereafter. However, several days later on the recurrence of pain in the same area of his

back, he consulted Dr. Horn, who prescribed medication (pills) since he was suffering from a cold, which he thought had settled in his back. Thereafter he continued under the care of Dr. Horn, who treated him with heat and medication. Nevertheless, he continued with his regular employment until April 14, 1958, when, being dissatisfied with the results of Dr. Horn's treatment, he consulted another doctor. At this time the pain in his back still persisted and he had become nervous. After consulting the second doctor, he was hospitalized, placed in traction, observed by a neurological consultant and an orthopaedic surgeon, and his condition was diagnosed as a herniated disc. Until this diagnosis was made, he had never referred to any accident as the cause of his condition, although he had been specifically asked by his doctors whether his back had been injured through accident. It was only after this diagnosis had been made that he recalled the slipping incident. Thereupon, he inquired of his employer the date on which he had been working on the project at which it had occurred and, having been informed of that date, he gave the notice required by the statute on April 16, 1958, which of course was well beyond the time allowed. Appellant did not testify to the giving of any other notice and, in fact, both he and his attorney stated at the hearing before the referee that the reason no notice was given was because appellant until April 16, 1958, thought that the pain in his back was due to cold.

However, appellant does refer to the testimony of A.R. Weingartner, his foreman, whom he called as his witness, to prove that he had ". . . complained about this pain in his back and he was taking pills potentially for a cold, the way he told me the cold settled in his back . . . ." He argues that, in view of the fact that the foreman had complete knowledge of appellant's du-

ties, the notice requirement of the statute was satisfied when he became apprised of the appellant's condition within the statutory period. In support of his argument, he cites *Uditsky v. Krakovitz*, 133 Pa. Superior Ct. 186, 2 A. 2d 525. We cannot agree that this case supports his argument since the facts therein clearly indicate that the complaints of that employee were caused by an unusual occurrence in the course of his employment immediately before the complaint was made, and were not, as in the present case, attributable to cold or other illness. Therein there was a connection between the complaint and the performance of the employee's duties, but here we have nothing to indicate an accident or any other work-connected cause for the complaint. In this connection, it is noted also that the knowledge of the foreman was not acquired until after appellant had seen his doctor and received pills for his cold, which he admitted was several days after the alleged slipping incident. The other cases cited by appellant also show a connection between the complaint and the work being done by the claimant and, for that reason, are readily distinguishable. In *Palermo v. North East Preserving Works, Inc.*, 141 Pa. Superior Ct. 211, 15 A. 2d 44, the complaint was made in the course of the work and the claimant was taken off the job that he was doing and given lighter work. In *Nemonich v. Pittsburgh Coal Co.*, 161 Pa. Superior Ct. 239, 54 A. 2d 73, the complainant was likewise taken from his job after making his complaint to his foreman. In *Allen v. Patterson-Emerson-Comstock*, 180 Pa. Superior Ct. 286, 119 A. 2d 832, the claimant's husband fell and died shortly thereafter. The widow claimant was informed of the occurrence by the husband's superior and the court held that this indicated full knowledge on the part of the employer as to the occurrence causing death, which occurrence happened in the course

of the decedent's employment. In *Santillo v. Pittsburgh Railways Company*, 181 Pa. Superior Ct. 266, 124 A. 2d 657, a complaint of "not feeling good" was made at or about the time an accident had occurred or at least just a few minutes thereafter, as the complainant's foreman arrived at the scene.

Appellant argues that appellee's foreman admitted that he suspected that his complaint was a work-connected injury, but our examination of the foreman's testimony fails to disclose any such admission. In fact, he denies any knowledge of the complaint being due to an accident or work connected.

Appellant's second argument is, that under the law and the facts of this case no notice of an accident need be given. As we understand his argument, he means that notice of the injury rather than notice of the accident is the only thing required. In support of his argument, he cites *Williams v. Temple University Hospital*, 174 Pa. Superior Ct. 47, 98 A. 2d 236; *Bittner v. Saltlick Township*, 109 Pa. Superior Ct. 406, 167 A. 483; and *Bazilevich v. Childs Co.*, 87 Pitts. L. J. 452. Our examination of these cases fails to indicate support for the argument. Each shows that more than the notice of a mere injury was given. In each there was a showing that the complaint was due to something external, a trauma, and work connected, although the details of the cause were not given. The details of such causes need not be given. In fact, the notice required by the statute needs to show only that an injury has been sustained while the employee is on a particular job. Act of February 28, 1956 (1955), P. L. 1120, §1 (77 PS 632) (supp.).

Finally, the argument is advanced that, since the alleged accident was trifling and the consequences thereof severe but not known until after the expiration of the time allowed for notice, in justice to appellant and

with no apparent prejudice to appellee the liberal view required in these cases compels a consideration of the case on its merits and a waiver of the notice. Some jurisdictions adhere to the "latent" or "trivial injury" doctrine and hold either that ignorance of the seriousness of the injury is sufficient reason for failure to give notice, *Buchanan v. Deposit Central School,* 179 N.Y.S. 2d 204, 7 N. Y. App. Div. 2d 683, or that the time for giving notice to the employer begins to run only when the serious results of seemingly trivial injuries become apparent. *Potter v. Midland Cooperatives, Inc.,* 248 Minn. 380, 80 N.W. 2d 59. The Wisconsin statutes contain such a provision. St. 1957 §102.12. In Michigan and in Pennsylvania the equivalent section of the occupational disease statutes have been interpreted so that the statutory period does not begin to run until the injured or disabled employee has knowledge or reasonable grounds for knowledge of his disability. *Gotich v. Kalamazoo Stove Co.,* 352 Mich. 88, 88 N.W. 2d 249; *Masouskie v. Hammond Coal Co.,* 172 Pa. Superior Ct. 409, 94 A. 2d 55; *Shemanchick v. M. & S. Coal Co., Inc.,* 167 Pa. Superior Ct. 350, 74 A. 2d 764.

However, in claims under the Workmen's Compensation Act, Pennsylvania adheres strictly to the rule that the time limit prescribed by the statute within which to notify the employer is mandatory and, unless there is fraud or its equivalent present or some other act on the part of the employer which prejudices the claimant, the courts have no authority to extend the time for giving the notice. *Dorsch v. Fisher Scientific Co.,* 136 Pa. Superior Ct. 197, 7 A. 2d 604; *Beck v. Franklin Glass Corp.,* 136 Pa. Superior Ct. 204, 7 A. 2d 600; *Kirk v. Joseph Horne Co.,* 157 Pa. Superior Ct. 288, 43 A. 2d 339; *Thorn v. Strawbridge & Clothier,* 191 Pa. Superior Ct. 59, 155 A. 2d 414.

Since all the contentions of the appellant are untenable, the appeal must and will be dismissed and the order of the lower court affirmed. In doing so, we repeat the sentiment of the able and sympathetic judge in the court below (DAVIS, P. J.) that if the claimant has suffered the injury he claims to have and it is the result of an accident which happened in the course of his employment, "we regret that we have to dismiss the appeal but we cannot substitute sympathy for the law."

The order of the lower court dismissing the appeal is affirmed.