## Hargrave, Appellant, *v.* Fidelity Mutual Life Insurance Company.

628

Argued November 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Leland W. Walker,* with him *Walker and Kimmel,* for appellant.

*Charles H. Coffroth,* for appellee.

Opinion by Montgomery, J., December 14, 1961:

This is an appeal from a judgment rendered on the pleadings in an action in assumpsit for double disability income benefits under an insurance policy.

On April 2, 1930 the appellee insured the wife of the appellant, and for an additional premium the appellee agreed to pay the appellant the sum of $10.00 per month in the event the appellant became totally and permanently disabled. This insurance contract further provided that double indemnity of $20.00 per month be paid if total disability resulted from external violent and accidental means, and for the waiver of the annual premium during such disability.

On November 13, 1943 the appellant became seriously ill in his residence and was treated at a hospital. On November 18, 1943 he was readmitted to the hospital and his illness diagnosed as carbon monoxide poisoning. At this time the appellant was engaged in the business of repairing and manufacturing artificial dentures. He continued to supervise this business until he was obliged to liquidate the same due to a nervous and exhausted condition.

On May 14, 1944 the appellant was advised by his physician that he was totally and permanently disablied by reason of the monoxide poisoning. Thereafter the appellant has been paid and accepted $10.00 per month by the appellee as single indemnity for being totally disabled; but made no claim for double indemnity until February 3, 1960 when he instituted suit for its recovery. After an answer was duly filed, the lower court, upon motion of the appellee company, entered judgment·on the pleadings in favor of the appellee, denying the appellant the benefits of the double indemnity provision of the policy.

The question raised by the case, both in the court below and in the appeal, is whether the appellant is entitled to double indemnity payments or is limited to

single indemnity payments, since he failed to give notice in writing to the company's head office of his injury within sixty days from the date of the injury as required by the "Double Disability Income" provision of the policy.

As the court below observed in its well written and comprehensive opinion, the wording of the double indemnity provision in the policy is clear and without ambiguity. The policy provides that double indemnity income will be paid:

"If such disability resulted directly and independently of all other causes from bodily injury effected solely through external violent and accidental means, and due written proof thereof be filed at the Head Office of the Company within sixty days from the date of such bodily injury . . ."

We are in accord with the lower court that the provision for notice within sixty days is a reasonable requirement based on actuarial and other considerations which were in the minds of the contracting parties, and that the insuring company has clearly set forth the circumstances under which the beneficiary will be entitled to receive payment, which circumstances were used by the company in determining what premium was to be charged.

It is a well settled point of law that where an insurance policy provides that disability benefits will be payable upon receipt of due proof of the disability, the furnishing of such proof is a condition precedent to recovery. *Equitable Life Assurance Society of the United States v. McCausland,* 331 Pa. 107, 200 A. 85; *Farmers Trust Company v. Reliance Life Insurance Company of Pittsburgh,* 140 Pa. Superior Ct. 115, 13 A. 2d 111; *Buntz v. General American Life Insurance Company,* 136 Pa. Superior Ct. 284, 7 A. 2d 93.

Furthermore, although the appellant did not know the final consequences of his illness occurring on No-

vember 13, 1943 until he was advised by his physician on May 14, 1944 that its effects were total and permanent, he was informed by his physician on November 18, 1943 that his sickness was due to carbon monoxide poisoning. There is nothing in the pleadings to indicate that any notice of a claim for double indemnity by reason of an accident caused by external means was ever given in writing to the head office of the company, as provided by the company, until the institution of legal proceedings on February 3, 1960, almost sixteen years after the appellant was aware of the totality and permanency of his ailment and its cause.

Here, he was required by the plain terms of the insurance contract to give a specified notice within sixty days subsequent to November 13, 1943, the date of his bodily injuries. He failed to do so and therefore the appellee company was within its rights in refusing the claim for double indemnity. The fact that he did not know the full effect or extent of his injuries within that period of time is not a factor which would extend the period.

In *Moyer v. Edinger*, 192 Pa. Superior Ct. 450, 162 A. 2d 234, in considering the time which the claimant for workmen's compensation had to notify the employer of his actions this Court held that the period was not extended because he had been misinformed by his physician as to the cause of his complaints. In *Allen v. Patterson-Emerson-Comstock, Inc.*, 180 Pa. Superior Ct. 286, 119 A. 2d 832, we pointed out that the purpose of the limitation on the time for making claims was to protect the employer from stale claims for accidental injuries of which he had no knowledge or opportunity to fully examine. These cases also involved a liberal consideration in the claimant's favor, as appellant's counsel argues should be done in the present case.

On the other hand, if we consider this as a case where the effects of the accident on November 13, 1943

were progressive and that the total permanent disability did not occur until May 14, 1944, then the appellant is confronted with the law as stated in *Sidebothom v. Metropolitan Life Insurance Company,* 339 Pa. 124, 14 A. 2d 131, where the Supreme Court, in considering a double indemnity provision of an insurance policy, held that the results of the accident must be determined within the period allowed for notice after the cause occurs and not after the results are finally and fully determined.

Judgment affirmed.