■ In the Matter of the Claim of JOHN W. CLEMENS, Respondent, v. ALLEGHENY LUDLUM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by a self-insured employer from a decision which awarded compensation for a $62\frac{1}{2}\%$ schedule loss of use of the right hand resulting from an accidental injury to the right wrist, being a fracture of the right carpal navicular bone, found to have occurred in January, 1960, while claimant was working as a helper on a machine designed to finish and straighten steel tubes and when a four-inch tube weighing about 160 pounds slipped off a die, went up in the air and, when claimant attempted to catch it, with his hand extended, struck the hand and forced it " all the way back ". The operator of the machine testified to the incident as described by claimant and subsequently found by the board and said, further, that he advised claimant to seek first aid. Claimant explained his failure to do so, as well as his failure to report the accident until April 22, 1960, by stating that, " I thought it was just a sprain " and, again, " It hurt * * * but I thought it was a sprain, I thought I could work it out because I was on strike previous to that and needed the money." He later reiterated, " The reason I didn't report it I thought it was just a sprain." Discussing varying thresholds of pain, one physician said that " many " people with fractures which they supposed to be wrist strains have worked " with constant discom-

fort for many months before reporting in for investigation"; and another described as "amazing" his observations of people suffering from fractures, but engaged in heavy work without complaint. Claimant related the history hereinbefore outlined when, approximately three months after the incident, he did report to the plant nurse and to the plant physician; at which time an X ray disclosed an ununited fracture which required open surgery and gave rise to the disability for which this award was made. Appellant asserts that the findings of accident and causal relation are unsupported by substantial evidence, urging as somewhat inconsistent theories, first, its view that the fracture occurred prior to the approximate three months' period found to have elapsed before claimant's report of injury, the report being followed immediately by an X ray; and, second, that the injury caused pain so severe as to cast doubt upon claimant's ability to endure it so long, although a fracture some weeks or months old on April 22, 1960 is conceded and although claimant's assertion that he continued at work is not disputed by plant records or otherwise. More important, although the time element was in sharp dispute, claimant's radiologist agreed "Absolutely" that the January date contended for and subsequently found was "quite consistent with the findings of the first film"; and claimant's orthopedic surgeon, who operated upon the wrist, testified that this same film presented "evidence of a fracture * * * of comparatively recent origin [and] * * * within the period of time described by the patient". Each of these physicians reported and testified to the causal relationship claimed. In respect of all of appellant's contentions and as regards the question of accident and causality generally, appellant tenders no more than factual issues, as it seems to recognize in suggesting that — contrary to the well-recognized principles of administrative procedures generally — the weight of the evidence be judicially assayed in order to ascertain whether the board's determination was arbitrary or capricious. The evidence supportive of the award was adequate if, in the exercise of the adjudicative authority committed to it, the board should find that proof credible, as obviously and legitimately it did. Similarly, the board was entitled to, and did find credible the claimant's professed belief (implicitly corroborated by the machine operator's testimony) that the injury was not serious — that he "thought it was just a sprain"; and the board was thereupon warranted in exercising its prerogative to excuse claimant's failure of compliance with the statutory 30-day notice provision (Workmen's Compensation Law, § 18). The board did excuse claimant's default, "on the ground he was not aware of the seriousness of the injury". "The statute (§ 18) states that the board may excuse the failure to give notice if for some sufficient reason it could not have been given and it is clear that the fact that the claimant didn't know the seriousness of his injury is such a reason and it may be relied on by the board regardless of whether or not the employer was prejudiced by the delay." (*Matter of Buchanan* v. *Deposit Cent. School,* 7 A D 2d 683, 684, and cases there cited; *Matter of Talbot* v. *Kress,* 248 App. Div. 652, affd. 273 N. Y. 512.) The board's excusal of timely notice "*on the further ground* that no prejudice to the employer has been shown" (emphasis supplied) need not be considered, being in the disjunctive, as is section 18, and, therefore, unnecessary to the decision. Decision affirmed, with one bill of costs to respondents. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.