Rosemary Canterna, Appellant, *v.* United States Steel Corporation and Workmen's Compensation Appeal Board, Appellees.

Argued January 11, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*James C. Evans,* for appellant.

*Richard F. Lerach,* for appellee.

OPINION BY JUDGE BLATT, April 1, 1974:

On March 16, 1970 Rosemary Canterna (claimant) was employed as a nurse in an Ellwood City plant hos-

pital of the United States Steel Corporation (employer) and allegedly suffered an accident while aiding a patient. This accident resulted, she claims, in a rupture to her cervical disc. She continued to work until April 6, 1970, but thereafter she entered a hospital, eventually undergoing surgery. On May 26, 1971, she filed a claim petition seeking workmen's compensation, alleging that she was disabled as a result of the accident, but the claim was rejected by a referee, after a hearing, on the basis that she had not reported the accident to the employer within the 120 day period required by Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §631. The referee's action was affirmed by the Workmen's Compensation Appeal Board (Board) on review and is now appealed to this Court.

On appeals to this Court in workmen's compensation cases where the decision of the fact finder was adverse to the party bearing the burden of proof, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Cf. Jessop Steel Company v. Workmen's Compensation Appeal Board and Okey Miller,* 10 Pa. Commonwealth Ct. 186, 309 A. 2d 86 (1973). And where, as here, the Board has taken no additional evidence, we must rely on the facts as found by the referee if he has not capriciously disregarded competent evidence in arriving at such facts. It is the province of the referee to consider the credibility of the witnesses. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

At the time here in question, Section 311 of the Workmen's Compensation Act, 77 P.S. §631, provided: "Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days

after the accident, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the accident, no compensation shall be allowed." The purpose for requiring such notice is, of course, to protect the employer from stale claims for accidental injuries, of which he would have no knowledge, made after the opportunity had passed for a full and complete examination thereof. *Allen v. Patterson-Emerson-Comstock, Inc.,* 180 Pa. Superior Ct. 286, 119 A. 2d 832 (1956). Although courts should not read into this section a stricter requirement than the language itself imports,[1] the time limit prescribed is mandatory and, unless there is fraud or its equivalent present or some other act on the part of the employer which prejudices the claimant, the courts have no authority to extend the time for giving the notice.[2]

The claimant here testified that she told another nurse about the accident at the time it occurred and that she informed her supervisor of it in June of 1970, some three months later. The other nurse, however, was deceased at the time of the referee's hearing, and the supervisor testified at that time that he was never informed by the claimant of the accident until September of 1970, about six months after its occurrence. Other witnesses indicated that they knew the claimant was receiving medical treatment but that she had informed them that this was the result of a 1967 automobile accident.

Matters of credibility and conflicting testimony as to whether or not notice of the accident had been given to the employer are, of course, questions for the fact finder (here the referee). *Cf. Hauptle v. Bausch &*

---

[1] *McCann v. Cross Brothers Meat Packers, Inc.,* 205 Pa. Superior Ct. 255, 208 A. 2d 887 (1965).

[2] *Moyer v. Edinger,* 192 Pa. Superior Ct. 450, 162 A. 2d 234 (1960).

*Lomb Optical Company,* 206 Pa. Superior Ct. 292, 212 A. 2d 902 (1965). And, in this case, the referee found that the claimant's testimony on the issue of notice "was both evasive and contradictory." He, therefore, put little credence in it, and we do not believe that he erred in so regarding it. Certainly her evidence of notice to her supervisor was contradicted by his testimony, and, even if her uncontradicted testimony as to informing her fellow employee of the accident had been found credible, we do not believe that this would have been sufficient to comply with the requirements of Section 311. Section 313 of the Workmen's Compensation Act, 77 P.S. §633, permits notice to be given to "the immediate or other superior of the employe, to the employer, or any agent of the employer regularly employed at the place of employment of the injured employe." We do not believe the term "any agent of the employer" means that information of an accident may be given to any other employee. This would render the whole process meaningless. It is more reasonable to interpret this phrase as encompassing anyone "whose position justifies the inference that authority has been delegated to him by the employer, as his representative, to receive a report or notice of such accidental injury." *Dorsch v. Fisher Scientific Company,* 136 Pa. Superior Ct. 197, 200, 7 A. 2d 604, 606 (1939). There is no evidence here that the nurse in question occupied such a position.

As to whether or not the employer actually had notice of the accident, it is true that actual knowledge of a compensable injury, even without notice from the employee, is all that is required. *Wilkinson v. United Parcel Service of Pennsylvania, Inc.,* 158 Pa. Superior Ct. 22, 43 A. 2d 408 (1945). As noted above, however, those witnesses who knew of the claimant's medical treatment were under the impression that it was required as a result of a 1967 automobile accident. The

584

claimant makes much of a form letter from the employer's insurance carrier written "To Whom It May Concern," and introduced into evidence before the referee. This letter, however, was merely notice that in workmen's compensation cases the attorney for the employer was authorized to present a subrogation claim for the carrier in cases where the carrier has paid disability benefits on the basis that the disability was non-occupational in origin. This letter in no way indicates that the employer here had actual knowledge of the alleged accident involving the claimant.

For the above reasons, therefore, we issue the following

ORDER

Now, April 1, 1974, the order of the Workmen's Compensation Appeal Board dismissing the claim of Rosemary Canterna is hereby affirmed.