Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Anne Heffelfinger *v.* Paris Neckwear Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants.

Argued December 4, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Wilbur C. Creveling, Jr.*, with him *John P. Thomas* and *Walker, Thomas, Karess, Lipson & Zieger*, for appellants.

*Richard D. Director*, with him *Martin H. Philip* and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, January 7, 1976:

Claimant was employed for approximately ten years as a splitter, a job in which she cut material from rolls of cloth averaging from 200 to 220 pounds apiece. She testified that she stopped work on Friday, April 23, 1971, because of a pain in her back. The following Monday, April 26, 1971, claimant telephoned her employer and told the person who answered the telephone that she could not work because she was sick. Claimant never returned to work.

In August of 1971, after various unsuccessful attempts to treat her back injury, claimant was hospitalized, the injury was diagnosed as a herniated disc, and a laminectomy was performed. In November, 1971, claimant filed a claim petition alleging an accident on April 23, 1971, which resulted in the herniated disc. The first communication to the employer after claimant's April 26, 1971 sick call was in late November or early December, 1971, when a claims representative informed the employer that a claim petition had been filed.

The referee found a compensable injury and awarded benefits to the claimant. The employer appealed, asserting the claimant had failed to sustain her burden of proof that an accident occurred, that proper notice was lacking, and that the damages awarded were improper. The Workmen's Compensation Appeal Board (Board) affirmed the referee. It is from that decision that the employer now appeals.

Since we must agree with the appellant's contention that no proper notice was provided, we will dispense with

any further discussion of a compensable accident or proper damages. Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §631 (Act), provides:

"Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease."[1]

Although the referee made no finding concerning notice, the Board, in affirming the referee, said:

"At the time that Claimant did in fact leave work, she did not know the extent or the cause for disability. Only when she was admitted to the hospital in Au-

---

1. The statute as quoted is the law as it exists today and as quoted by the Board. Following the alleged April 23, 1971 accident, this Section was amended on March 29, 1972, when the word accident was changed to injury, and the notice mandate abolished if the employer had knowledge of the occurrence, and on October 18, 1972, when the second and third sentences were added. We will not decide in which form the Section should be applied, because under any version, the result is the same, except to note that the present law is worded most favorably to the claimant.

gust of 1971, did a diagnosis arise of a herniated disc. Thereafter, the Claimant did file a timely Petition for disability. Section 311 of the Act, clearly sets forth that the giving of notice shall not begin to run 'until the employee knows, or by the exercise of reasonable diligence should know of the existence of the injury and possible relationship to the employment.' The Claimant, it would appear, did not know she had a herniated disc until her hospitalization in August of 1971, and, therefore, did not know the nature of her injury. Timely notice of same was given to her employer."

We believe that the Board has misapplied the portion of Section 311 quoted by it, *supra.* The time for giving notice does not begin to run until the claimant knows, or should know, of the injury and its relation to his employment only in cases of injury resulting from causes in which the nature of the injury or its relation to employment is not known to the employee. The Act specifically gives an example of such an injury, radiation.

In the instant case, the claimant immediately knew she was injured and knew the nature of her injury, a back injury. Section 312 of the Act, 77 P. S. §632, explains the type of notice contemplated by the law:

"[N]otice . . . sufficient to inform the employer that a certain employe, by name, received an injury, the character of which is described in ordinary language, in the course of his employment on or about a time specified and at or near a place specified."

Claimant could and should have informed her employer that she suffered a back injury while engaged as a splitter in his plant on April 23, 1971, and that compensation would be claimed therefor.

In *Moyer v. Edinger*, 192 Pa. Superior Ct. 450, 162 A.2d 234 (1960), the failure of an employee to notify his employer of a back injury until after it was diagnosed as a herniated disc resulted in disqualification because

the notice arrived after the statutorily prescribed time. As Judge BLATT noted, speaking for the Court, in *Canterna v. United States Steel Corporation*, 12 Pa. Commonwealth Ct. 579, 317 A.2d 355 (1974), the purpose of a notice time limit is to protect the employer from stale claims, no longer subject to a full and complete investigation. *Accord, Allen v. Patterson-Emerson-Comstock, Inc.*, 180 Pa. Superior Ct. 286, 119 A.2d 832 (1956). The time limit is mandatory. *Canterna v. United States Steel Corporation, supra; Moyer v. Edinger, supra.*

Normally, where the referee had failed to make a finding of fact essential to the determination of a workmen's compensation claim, we would, mindful that fact finding is not within our province, remand to remedy the inadequacy. *Dunn v. Merck & Company, Inc.,* Pa. , 345 A.2d 601 (1975). However, in this case, unlike *Dunn,* notice was in issue at the time of the hearings and, without making a finding, we must note that the record could not support a finding of proper notice and if such a finding were made, we would be required to reverse. Rather than uselessly delay this case, we will reverse.

Accordingly, we enter the following

### ORDER

Now, January 7, 1976, the order of the Workmen's Compensation Appeal Board, affirming the decision of the referee awarding disability benefits to Anne Heffelfinger and requiring payment of medical expenses, is reversed.