Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Harold D. Katz *v.* The Evening Bulletin and The Employers Mutual Liability Insurance Company of Wisconsin, Appellants.

28

Argued February 4, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*James K. Martin,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, May 10, 1977:

This appeal under the provisions of The Pennsylvania Workmen's Compensation Act[1] (Act) is from the affirmance by the Workmen's Compensation Appeal Board (Board) of a referee's award of benefits. The appellants, the Evening Bulletin and its insurance carrier, have argued, alternatively, that (1) the claim of Harold D. Katz (claimant) is barred for failure to give timely notice and (2) the amount of the award was excessive because the referee and Board improperly based it on the claimant's concurrent employment. Since we reverse the Board's order on the notice issue, we need not reach the second contention.

On May 29, 1970, the claimant's primary employer was the United States Army Electronic Command. For about a year before that date, he had also worked part time for the Philadelphia Inquirer. The union, which supplied weekend workers for both the Inquirer and the Bulletin, sent him to the Bulletin to work on May 29, 1970. As he was leaving work after completing his shift—his first and only at the Bulletin—he fell into a manhole on the premises and sustained injuries.

At the hearing, the claimant's testimony concerning his attempt to notify the Bulletin of the accident was as follows:

A. I called the foreman at the *Inquirer* who in turn to my knowledge notified the union or the shop steward. This is what I was told to do. Q. You never told the *Bulletin* directly that you had a fall? You called somebody at the *Inquirer;* am I correct? A. I called someone at the *Bulletin.* Who it was I don't know. They referred me to the union. [The record later indicates that he found 'no one there at the union'.] Q. When did you call someone and who was it? A. I don't know. It was a clerk. I

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

have no idea who it was. Q. When in point of time did this take place? A. The next day. Q. Who was it that you talked to? A. I spoke to the foreman who was on duty at that time. Q. At the *Inquirer* or *Bulletin*? A. At the *Inquirer*. (Emphasis added.)

The claimant's attorney, different from counsel on appeal, sent the Bulletin a letter 17 days later but failed to indicate that the injuries were work related[2] or that the claimant had ever worked for the Bulletin. There is no other indication in the record that the Bulletin had knowledge of or received notice of a work-related accident during the remainder of 1970.

The applicable notice requirement at the time of the accident was found in Section 311 of the Act, 77 P.S. §631:

Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the accident, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the accident, no compensation shall be allowed.

As to whom notice may be given, Section 313 of the Act, 77 P.S. §633, provided: "The notice referred to in [section] three hundred and eleven . . . may be given to the immediate or other superior of the employe, to the employer, or any agent of the employer regularly employed at the place of employment of the injured employe." The purpose of these notice provisions is to protect the employer against claims of which he has no knowledge made after the opportunity for a thorough investigation has passed. *Padilla*

---

[2] This omission prevents the attorney's letter from meeting the notice requirement under Section 312 of the Act, 77 P.S. §632.

*v. Chain Bike Corp.*, 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976). The time limit in Section 311 is mandatory, and, "unless there is fraud or its equivalent present or some other act on the part of the employer which prejudices the claimant, the courts have no authority to extend the time for giving the notice." *Canterna v. United States Steel Corp.*, 12 Pa. Commonwealth Ct. 579, 582, 317 A.2d 355, 357 (1974) (footnote omitted).

In this case, the claimant notified the foreman of the wrong employer. Although the union's role in supplying workers for both the Bulletin and the Inquirer might have caused the claimant to associate one with the other, nothing in the record indicates that the foreman at the Inquirer was also an agent for the Bulletin, as contemplated under Section 313 of the Act. The foreman is therefore not a person " 'whose position justifies the inference that authority has been delegated to him by the employer, as his representative, to receive a report or notice of such accidental injury'." *Canterna, supra,* 12 Pa. Commonwealth Ct. at 583, 317 A.2d at 357.

Nor does this case involve any conduct by the employer which would extend the time for giving notice. The claimant's testimony that a clerk at the Bulletin referred him to the union does not constitute such a prejudicial act because (1) there is no indication that the person to whom claimant spoke and whom he, correctly or incorrectly, assumed to be a clerk had authority to speak for or act as an agent of the Bulletin and (2) the claimant, in any event, failed to heed the clerk's advice; *i.e.*, the record indicates that he contacted the foreman at the Inquirer rather than that he persisted in his effort to reach the union.

Since it was error for the referee and Board to find the required notice, we make the following

### Order

And Now, this 10th day of May, 1977, the order of the Workmen's Compensation Appeal Board, dated May 11, 1976, awarding benefits to Harold D. Katz, is hereby reversed and his claim dismissed.

---

Dissenting Opinion by Judge Crumlish, Jr.:

I must dissent. My reading of the entire record, particularly the testimony before the referee on November 9, 1972, leads me to conclude that the notice required by Section 311 of the Act was received by the employer, albeit through a somewhat circuitous route.

At that hearing, the Bulletin's Paymaster, on cross-examination by Claimant's counsel, read into evidence from the company's record the following communication to the company's Treasurer, dated June 25, 1970:

Mr. Magee: Nancy Detweiler called to say that she was trying to get some data concerning this matter from Vince Hines (Phonetic Spelling) mailroom superintendent. She got him again this afternoon and he says that he knows nothing about the matter, refuses to question any of the men about it. When Nancy asked him to check with the union since Mr. Katz supposedly reported it to the union, Mr. Hines refused to contact them. I asked Nancy if Mr. Hines was aware that Mr. Katz instituted suit against the Bulletin, she answered affirmatively. (Record, pages 59-60)

It thus appears that less than a month after the accident—and, therefore, well within the 120-day limit of Section 311—high Bulletin officials were aware that the accident had occurred; that Claimant had been referred to the Bulletin for employment by his union; that the union would have more information on the

matter; and that the Bulletin was exposed to potential liability. As the majority states, the purpose of the notice provision is to protect the employer against claims of which he has no knowledge, made after the opportunity for a thorough investigation has expired. *Padilla v. Chain Bike Corp.*, 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976). Clearly, that purpose is satisfied here since the memo indicates that the employer had knowledge of the claim *and was, in fact, investigating it* on June 25.

Furthermore, it is clear from the content of the memo, and the fact that it originated in the Treasurer's office which pays the company's employees, that the Bulletin knew that Claimant was an employee and hence that the injury was work related, notwithstanding the failure of the attorney's letter to mention that fact.

Thus, although Claimant may not have given full and complete notice directly to his employer, the employer nevertheless had actual, timely knowledge[1] of all the information which Claimant was required to supply. Keeping in mind the well-settled principle that The Workmen's Compensation Act, and Section 311 in particular, is to be liberally construed in favor of the injured employee, *McCann v. Cross Bros. Meat Packers, Inc.*, 205 Pa. Superior Ct. 255, 208 A.2d 887 (1965), *Lambing v. Consolidated Coal Co.*, 161 Pa. Superior Ct. 346, 54 A.2d 291 (1947), I must conclude that Claimant herein cannot be denied benefits for failing to do that which was wholly unnecessary—a failure which resulted in no prejudice to the employer.

Accordingly, I would affirm the Board's award of benefits.

---

[1] The legislature has since amended Section 311 to provide that notice need not be given when the employer has knowledge of the injury. Act of March 29, 1972, P.L. 159, 77 P.S. §631.