■ In the Matter of the Claim of CHARLES E. CLARK, Respondent, v C. F. EVANS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 14, 1977, which excused the failure to give statutory notice of claim and affirmed an award by the referee filed on August 6, 1974. Claimant sustained an injury to his back on September 25, 1973 while helping a coworker lift a heavy iron tank, but he failed to report the incident to his employer. He was laid off on October 2, 1973 and on October 5, 1973 sought medical attention. The physician diagnosed claimant's condition as severe osteoporosis and moderately severe degenerative arthritis and later testified that the September 25, 1973 incident was a new accidental injury superimposed on the prior back condition. Claimant's application for disability benefits, filed October 27, 1973, was rejected on the ground that claimant was eligible for compensation since his disability was job related. Finally, on January 14, 1974 claimant informed the employer of the injury sustained September 25, 1973 and thereafter filed a claim for compensation. The board ultimately affirmed an award of benefits for periods of total and partial disability, and the employer and its carrier appeal solely upon the ground that claimant should be barred from receiving benefits by his failure to give timely notice pursuant to section 18 of the Workers' Compensation Law. In addition to requiring that written notice of the injury be given to the employer within 30 days of the accident, section 18 provides that the board may excuse the failure to give timely notice on the ground that notice for some sufficient reason could not have been given or that the employer had knowledge of the accident or that the employer has not been prejudiced by the delay. In its decision of January 14, 1977, excusing the failure to give timely notice, the board found that claimant gave notice to his employer when he became aware of the seriousness of his condition and that the late notice neither aggravated claimant's injury nor hindered the employer and carrier in the preparation of their defense. The failure to recognize the seriousness of an injury is a sufficient reason why notice could not have been given (*Matter of Clemens v Allegheny Ludlum Steel Corp.*, 25 AD2d 899, mot for lv to app den 18 NY2d 578; *Matter of Buchanan v Deposit Cent. School,* 7 AD2d 683). This record, however, does not support a finding that claimant failed to recognize the seriousness of his injury until January, 1974. On the contrary, he testified that he went to the doctor on October 5, 1973 because he could not take the pain in his right leg and back. Moreover, he filed for benefits under the Disability Benefits Law on October 27, 1973. These are not the actions of a man who does not recognize the seriousness of his injury. As for the question of prejudice, the burden of showing lack of prejudice is claimant's (*Matter of Zraunig v New York Tel. Co.,* 32 AD2d 686), and ordinarily the board should give an explanation for its finding that the employer was not prejudiced by the delay (*Matter of Ross v New York Tel. Co.,* 59 AD2d 815). Here, the board concluded that failure to give timely notice neither aggravated claimant's injury nor hindered the appellants in the preparation of their defense. The appellants contend that this finding is not supported by the record since their medical expert testified that when he examined claimant in March, 1974 the disability arising from the September 25, 1973 accident had terminated and he could not fix with any reasonable medical certainty the date when the disability terminated. As a result, appellants contend that their right to a prompt investigation has

been prejudiced (see *Matter of Tillotson v New York Tel. Co.*, 33 AD2d 612). Appellants' expert conceded, however, that claimant had pain and disability resulting from the September 25, 1973 accident and the board adopted the findings of claimant's expert, who concluded that as of the date of the hearing claimant was still suffering from a partial disability due to the accident. On this record, the board could find that the only disagreement between the experts was as to whether claimant's partial disability had terminated, and since the board rejected the opinion of appellants' expert that the disability had ceased, the fact that appellants' expert was deprived of the opportunity to determine the exact date the disability terminated is not relevant. Accordingly, the board could conclude that appellants were not prejudiced in the preparation of their defense. Since claimant sought prompt medical attention, there is also substantial evidence to support the board's finding that claimant's injury was not aggravated by the failure to give timely notice. Thus, the board properly excused claimant's failure to give timely notice due to lack of prejudice to the employer *(Matter of Greer v Green Is. Contr. Corp.,* 54 AD2d 996). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.