Daniel Truskey, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Atlas Powder Company, Respondents.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Lester Krasno,* for petitioner.

*Charles M. Miller, Rubright, Domalakes, Troy &
Miller,* for respondent.

OPINION BY JUDGE CRAIG, January 26, 1981:

In this workmen's compensation appeal, the claim-ant[1] attacks the board's[2] reversal of the referee's con-clusion that employer's[3] contest was unreasonable, and the board's deletion of the additional award of at-torney's fees under Section 440 of The Pennsylvania Workmen's Compensation Act (Act).[4]

The employer submits it acted reasonably in pursu-ing the defense that claimant did not properly notify it of the alleged injury within the 120 days required by Section 311 of the Act, *as amended,* 77 P.S. §631.

Although the question of reasonable contest in-cludes factual inquiries, it is ultimately a question of law, *Murray v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 3, 404 A.2d 765 (1979), and is therefore subject fully to review by the board and this court. *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 157, 340 A.2d 610 (1975).

We agree with the board that the referee's award was not justified by the record.

The board's opinion accurately recites that:

In his claim petition, [claimant] alleges that he injured his back while pushing what is called a 'cap box' on September 19, 1975. He never-

---

[1] Daniel Truskey.

[2] Workmen's Compensation Appeal Board.

[3] Atlas Powder Company.

[4] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996.

theless continued working until May 3, 1976, and, again according to his petition, gave notice of his injury to one Larry Kline.... It would appear that he [Kline] is not only not the claimant's supervisor, but in fact is not a supervisor at all. In any case, notice of a September injury in May would not be timely.

Thus, the facts pointed to issues of (1) timeliness of notice and (2) the authority of the person to whom notice was allegedly given.

As to timeliness, the notice period for a claim such as this runs from the date of the incident, because its relationship to the claimant's employment was immediately obvious. *Workmen's Compensation Appeal Board v. Paris Neckwear Co.*, 22 Pa. Commonwealth Ct. 543, 350 A.2d 212 (1976); *Moyer v. Edinger*, 192 Pa. Superior Ct. 450, 162 A.2d 234 (1960). We cannot say that the employer's interposition of timeliness of notice as a defense was unreasonable in light of the period described above.

Moreover, for notice to be sufficient, it must be given to one " 'whose position justifies the inference that authority has been delegated to him by the employer, as his representative, to receive a report or notice of such accidental injury.' " *Canterna v. United States Steel Corp.*, 12 Pa. Commonwealth Ct. 579, 583, 317 A.2d 355, 357 (1974).

On December 12, 1976, at the first hearing before the referee, claimant stated for the first time that he had, on the day of the alleged injury, reported its occurrence to a foreman; however, claimant admitted that it was not that foreman's "responsibility to come out and supervise" claimant's work.

Like the board, we do not question the referee's acceptance of that testimony, nor his considering that notice to be sufficient. However, as the board stated, "the relative indirectness of it and the belated

testimony to it do furnish support for the delay by the defendant in acknowledging responsibility."

After a hearing which revealed the results of claimant's surgery, the employer began paying compensation and remitted to claimant a sum representing the difference between deferred compensation payments and payments which the employer's health and welfare plan had made to claimant from May to November, 1976. The employer also forwarded an agreement for compensation to the referee; however, final action on the agreement was not forthcoming because of claimant's request for penalties and dissatisfaction with the credit the employer had claimed for the health and welfare payments.

The record thus reveals that employer's posture, as the board stated,

> was not that of an adamant employer, refusing despite the most positive proof, to compensate an obviously deserving claim. Instead, the indication is that, with considerable justification, the employer was uncertain that a work injury had occurred, and that a resulting disability some eight months later was causally related thereto; and that this uncertainty was not adequately clarified, at least until the first hearing before the referee.

We therefore find no error in the board's conclusion that the employer's initial reluctance to pay benefits and its pursuit of litigation were reasonable in the circumstances.

## ORDER

AND NOW, January 26, 1981, this court affirms the September 13, 1979 order of the Workmen's Compensation Appeal Board at No. A-74304, modifying the referee's decision in part and otherwise affirming the

same. Accordingly, judgment is to be entered against Atlas Powder Company and in favor of Daniel Truskey in the following amounts:

1. Compensation for total disability at the rate of $129.65 per week beginning May 3, 1976, and continuing indefinitely within the limitations of The Pennsylvania Workmen's Compensation, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.*

2. Defendant is to be credited for all payments made to Daniel Truskey under its health and welfare plan.

3. Interest at the rate of 10% per annum shall be paid on all payments deferred after November 3, 1976.