Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Patricia L. Sutton *v.* Potomac Edison of Pennsylvania and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants.

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Daniel W. Long,* with him *Wingerd and Long,* for appellants.

*Lawrence C. Zeger,* with him *Zeger & Zeger,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, February 4, 1976:

Claimant was a meter reader for appellant-employer on October 9, 1973, when she claims to have suffered severe pain in the side of her neck while stepping out of her truck during the course of her employment. The claimant filed her claim petition on May 22, 1974 and after two hearings, on December 5, 1974, the referee filed his decision awarding compensation to the claimant. The decision included a finding that on October 9, 1973, the claimant suffered a job related neck injury and since October 10, 1973, has been totally disabled as a result of the injury. Appellants now seek review by this Court of the Workmen's Compensation Appeal Board's (Board) opinion affirming the referee's decision.

Appellants first contend that the findings and conclusions of the referee, affirmed by the Board, that the claimant suffered an injury arising in the course of her employment and related thereto, are not supported by substantial evidence and are not in accordance with law. Appellants assert that claimant's injuries arise totally from an accident at a June 17, 1973 volleyball game, not within the scope of claimant's employment.

While it is not contested that claimant suffered a previous injury about four months prior to the injury now claimed, the record also shows claimant was able to return to work thereafter and perform her job. Following the October 9, 1973 injury, claimant has been totally unable to work. Medical evidence presented to the referee on whether the June or October injuries were the source of claimant's disability was contradictory.

Disputed questions of fact are for the referee to decide and we are bound to affirm his determination if supported by competent evidence. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company,* 19 Pa. Common-

wealth Ct. 90, 338, A.2d 744 (1975); *Universal Cyclops Steel Company v. Krawcznyski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 759 (1973).

Having found that the claimant's disability arose from the October job-related accident, the referee and the Board are correct in disregarding any contributory impact of existing medical conditions. Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), provides, in pertinent part:

> "The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . ."

Secondly, appellants argue the findings and conclusions that the employer had notice of the occurrence of the injury within one hundred twenty days thereafter are not supported by substantial evidence or in accordance with law. Section 311 of the Act, 77 P.S. §631, requires:

> "Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. . . ."

Appellant-employer's own witness, claimant's supervisor at the time of the accident, testified on direct examination at the referee's hearing of September 19, 1974, as follows:

> "Q. She testified, I believe, she reported this incident to you the same day. Did she?
>
> "A. Yes, sir.
>
> "Q. What did she report to you?

"A. She came to my office, and again I'm speaking as I remember, around 2:30 in the afternoon and said she had felt a pain in her neck as she was getting out of the truck and she felt she didn't want to continue working that day any longer.

. . . .

"Q. Do you know whether or not she went on sick leave?

"A. She did go on sick leave."

The notice required by the Act need only

"inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time at or near a place specified." Section 312 of the Act, 77 P.S. §632.

Further, the notice

"may be given to the immediate or other superior of the employe, to the employer, or any agent of the employer regularly employed at the place of employment of the injured employe. Knowledge of the occurrence of the injury on the part of any such agents shall be the knowledge of the employer." Section 313 of the Act, 77 P.S. §633.

The notice described by the claimant's supervisor in testimony sponsored by the appellants satisfied the noted statutory requirements. Contrary to appellants' assertions, the claimant's communication did indicate the injury was work-related in that it described the manner in which the injury occurred.

Finally, appellants question the finding that the claimant has been totally disabled since October 10, 1973. Again, we must affirm if the finding attacked is supportable by competent evidence. Although the medical authorities of record in this case are in dispute, the evidence does support the referee's findings and thus will not be disturbed by this Court.

Accordingly, we enter the following

ORDER

Now, February 4, 1976, the amended order of the Workmen's Compensation Appeal Board, awarding compensation to Patricia L. Sutton, is hereby affirmed.