**Benjamin GRIBBLE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CAMBRIA COUNTY ASSOCIATION FOR THE BLIND), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 14, 1997.

Decided April 22, 1997.

Richard J. Russell, Johnstown, for petitioner.

Richard L. Muchow, Pittsburgh, for respondent.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issues before this Court require us to examine what is required to be provided to an employer to give the requisite notice of a claimant's alleged injury, and if this notice was met, whether the claimant here met the burden of showing a work-related injury.

Benjamin H. Gribble (Claimant) appeals from the order of the Workers' Compensation Appeal Board (WCAB) that affirmed the Workers' Compensation Judge's (WCJ) denial of benefits to Claimant. We affirm.

Claimant worked for Cambria County Association for the Blind (Employer) as a textile cutter. Employer had received a government contract during the Persian Gulf War requiring Claimant to work extended shifts, ranging from nine to twelve hours a day, six days a week. Claimant's job required frequent heavy lifting of up to 100 pounds. On April 15, 1991, Claimant telephoned his supervisor to report off of work because his back went into spasms and he could not straighten up. Claimant saw his family physician and was off work for three weeks but received paid sick days and lost no wages.

Again on May 28, 1991, Claimant informed his supervisor that he could not work overtime because his back was hurting and he could not lift. He again sought treatment from his family physician, Robert Gvozden, M.D. Claimant was also seen by a neurosurgeon, Richard Douglas, M.D., who diagnosed Claimant as having "degenerative changes L4–5 disc mild bulge." Dr. Douglas released Claimant to return to work August 12, 1991, with a 50 pound weight restriction. (16a.) Dr. Gvozden's final diagnosis of Claimant was "chronic low back, status post laminectomy, approximately 1977, degenerative arthritis of the spine" and imposed a 30 pound weight restriction. (91a.)

On August 8, 1991, Employer sent letters to Dr. Gvozden and Dr. Douglas, asking whether or not Claimant could return to work. Dr. Douglas provided no reply but Dr. Gvozden indicated Claimant could not return to his job. Employer had no other available positions. By letter dated August 20, 1991, Employer gave Claimant information regarding vocational rehabilitation and advised Claimant to consider Social Security Disability as Claimant was legally blind in one eye. Further, the letter stated that "as you have been a loyal employee of the Association and in light of your present physical condition, the Association will pay through December 27, 1991, your usual weekly salary as well as your family Blue Cross/Blue Shield hospitalization plan." (14a.)

Claimant received his weekly salary and hospitalization plan payments until October 3, 1991, when Claimant's counsel sent Employer written notice of the alleged injuries. Employer then ceased making payments and cancelled Claimant's health coverage. Employer denied Claimant had sustained a work-related injury as Claimant had not provided Employer notice of such injury within the 120–day statutory time limitations.

Following a hearing, the WCJ denied Claimant benefits on the basis that Claimant's notice was not within the 120–day time limit set forth by Section 311 and 312 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 631 and 632. The WCJ also found that even if Claimant had timely notified Employer the claim petition would still fail because Claimant did not prove that his injuries occurred during the course of his employment as his medical expert did not unequivocally state that Claimant's condition was due to his work activities. The WCAB affirmed.

■ On appeal to this Court,[1] Claimant argues that the WCAB erred in affirming the WCJ as the findings of fact regarding notice as the findings were not supported by substantial evidence and that the WCAB erred as a matter of law in holding that Dr. Gvozden's testimony was equivocal.

The WCJ made the following pertinent findings of fact:

8. (a) The testimony of Claimant, although credible, does not establish that he notified the Employer of a work-related injury. Claimant merely told the Employer that he was unable to work due to his back pain. He did not inform the Employer that his back pain was due to an injury incurred during the course of his employment until October 3, 1991.

(b) The medical opinions of Dr. Robert Gvozden are found to be equivocal. In this regard, your Judge notes that Dr. Gvozden equivocally stated that Claimant's back condition was probably a work injury. In addition, your Judge notes that Dr. Gvozden's medical opinion is based solely on Claimant's subjective history.

(c) The Employer paid Claimant his full pay for a period of time following the onset of his disability. Such payment is not found to be fraudulent or in any way given with the purpose of defrauding Claimant of his Workers' Compensation benefits.

■ As to the first issue of notice, it is the claimant that bears the burden of proving notice and receipt of such notice is a prerequisite to receiving compensation. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell)*, 166 Pa. Cmwlth.58, 646 A.2d 28 (1994). Sections 311 and 312 of the Act govern the requirements for providing notice. These sections combined require that, absent the employer's actual knowledge of the injury, an employee who knows or should know of the relationship between the injury and employment must provide notice of the work injury to the employer within 120 days of the injury or be barred from collecting compensation. Section 312 specifically mandates that, "The notice referred to in Section 311 shall inform the employer that a certain employee received an injury, described in ordinary language in the course of employment on or about a specified time, at or near a specified place." 77 P.S. § 632.

Claimant gave little testimony regarding his first injury, stating only that he informed Employer his back went into spasms and he could not straighten up. When Claimant telephoned Employer, he did not mention an injury at work. Claimant's testimony regarding notice of the alleged May 28, 1991 injury, again does not demonstrate that he notified Employer of a *work-related injury*. Claimant merely told Employer that he was unable to do his work because of back pain.

Claimant contends that the letters from his physicians gave the requisite notice and that the time for giving notice was tolled by Employer's willingness to pay Claimant his weekly salary and health coverage after his work restrictions precluded his employment. Unfortunately, that is not the law of notice. The WCJ did not accept the doctor's letters to Employer as notice and because the WCJ is fact-finder, it is beyond our scope of review to make findings to the contrary.

■ Claimant also attempts to characterize Employer's payment of full salary and health coverage as "payments in lieu of compensation," sufficient to toll the notice period.[2] Claimant does not argue that the payments amount to an acceptance of the claim, but that the payments amounted to fraud, or its equivalent, and somehow prejudiced him. *Workmen's Compensation Appeal Board v. Evening Bulletin*, 30 Pa.Cmwlth. 27, 372 A.2d 1262 (1977). However, the WCJ found that the payments were not made with the intent to compensate Claimant for the work injury but only that they were made for Claimant's past good service. It is necessary that a claimant not only inform the employer of an injury but of the fact that the injury is

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

2. Payments in lieu of compensation refer directly to Section 315 of the Act, 77 P.S. 632, not Section 311.

work-related. *City of Erie v. Workmen's Compensation Appeal Board (Shannon),* 147 Pa.Cmwlth. 210, 607 A.2d 327 (1992), *aff'd,* 534 Pa. 263, 631 A.2d 595 (1993). Based on the testimony which we have carefully reviewed it appears that Claimant failed to inform Employer of the causal nexus and thus this supplies substantial evidence upon which the WCJ made its findings. Therefore, we hold, that the WCJ did not err in finding that notice had not been properly given to Employer.

We further agree with the WCJ that even if notice had been given, Claimant failed to prove a work-related injury by unequivocal medical evidence. Unequivocal medical evidence is required in all instances where the causal connection between the injury and employment is not obvious. *Weaver v. Workmen's Compensation Appeal Board (Pennsylvania Power Co.),* 87 Pa.Cmwlth. 428, 487 A.2d 116 (1985). Here, no obvious causal connection is present. Dr. Gvozden acknowledged Claimant had a history of prior back problems and prior surgery and that as of April 17, 1991, Claimant had "most probably a lumbosacral paravertebral muscle straining and spasm" and that Claimant's long hours and heavy lifting "most probably caused his strain in the back." (76a.) His testimony regarding the diagnosis of the alleged injury of May 28, 1991, was identical to the injury of April 12, 1991.

This testimony, taken as a whole, in not unequivocal. Dr. Gvozden's testimony that the alleged injuries and disability are "most probably" work-related is no different than the equivocal expression of opinions we have rejected in other cases. See *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education),* 508 Pa. 360, 498 A.2d 800 (1985); *Odd Fellow's Home v. Workmen's Compensation Appeal Board (Cook,),* 144 Pa.Cmwlth.280, 601 A.2d 465 (1991). Therefore, we hold that the WCAB did not err in affirming the WCJ's holding that Dr. Gvozden's testimony was equivocal.

Accordingly, we affirm.

*ORDER*

AND NOW, this 22nd day of April, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.