IN THE COMMONWEALTH COURT OF PENNSYLVANIA

EJR Properties, LLC,                          :
                                              :
                          Petitioner          :
                                              :
            v.                                :  No. 140 C.D. 2021
                                              :  Submitted: August 27, 2021
Bronislaw Malczuk (Workers'                   :
Compensation Appeal Board),                   :
                                              :
                          Respondent          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge[1]
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED:  February 22, 2022


            EJR Properties, LLC (Employer) petitions this Court for review of the
February 18, 2021 order of the Workers' Compensation Appeal Board (Board),
which affirmed the April 20, 2020 decision and order of the Workers' Compensation
Judge (WCJ), granting the claim petition of Bronislaw Malczuk (Claimant) under
the provisions of the Workers' Compensation Act (Act).[2]  After careful review, we
affirm.

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn
Jubelirer became President Judge.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

The relevant facts as found by the WCJ are as follows. On September 1, 2018, Claimant sustained a work-related injury during the course of his employment with Employer, when Claimant fell down several steps of the condominium building where he was working on St. Croix, in the U.S. Virgin Islands, where he was performing construction renovation work in the aftermath of hurricane damage. Reproduced Record (R.R.) at 18a. Claimant testified that the injury occurred when he was replacing accordion doors in the condominium, slipped on steps while he was carrying the doors, and struck his right knee and elbow. *Id.* at 18a-19a. Claimant informed his onsite foreman, Bogdan Shusko (Bogdan),[3] of his injuries, and Bogdan took Claimant to the store where Claimant obtained a knee brace and pain medication to treat his knee injury, but otherwise Claimant received no medical treatment on St. Croix. *Id.* at 19a. Claimant continued to work for Employer on St. Croix from September 1, 2018, through November 27, 2018, at which time he left St. Croix to seek treatment for his knee pain and swelling. *Id.* Claimant has not returned to work since November 27, 2018. *Id.* Claimant then traveled to his native country of Poland, where he received arthroscopic knee surgery on December 28, 2018, after which he returned to the United States (U.S.). *Id.* Claimant filed a claim petition on March 15, 2019, alleging that he sustained a right knee internal derangement and aggravation of degenerative joint disease (DJD), and Employer filed denials on April 15, 2019, and April 24, 2019. Hearings were held before the WCJ on April 8, 2019, and September 25, 2019.

With respect to his claim petition, Claimant testified both live and via deposition through a Polish language interpreter because of his limited English language proficiency. Claimant also presented the deposition testimony of Dr.

---

[3] The parties, the WCJ, and the Board refer to Bogdan Shusko as Bogdan in the record.

Robert Mauthe (Claimant's expert). In opposition to the claim petition, Employer presented testimony from Employer's owner, Ireneusz Lubaczewski (Owner), through a Polish language interpreter, as well as the deposition testimony of Dr. John Duda (Employer's expert).

The WCJ summarized at length and in detail the testimony of all witnesses and made the following relevant findings:

23. The testimonies of [] Claimant and Employer's fact witness[, Owner,] have been reviewed and considered in their entirety. The testimonies are competent with the greater weight for persuasion given the testimony of [] Claimant.

When the testimony of Employer fact witness[, Owner,] conflicts and/or disagrees with the testimony of [] Claimant it is particularly rejected as not credible.

The undersigned had the opportunity to observe the demeanor of [] Claimant as well as that of the Employer fact witness. The greater weight of persuasion is given the testimonies of [] Claimant that are found to be credible.

The undersigned credits the content of the interpreter's translation of Exhibit (C-8) and particularly rejects [Owner's] testimony regarding the translation as not credible.

[] Claimant's credibility is supported by his observed demeanor and in part by his work ethic in that despite complaints of pain in his right knee and its onset [on] September 1, 2018, he continued to work until he could not stand the pain anymore. [] Claimant credibly testified of the phone conversations that he had with [Owner] during which he made [Owner] aware of his September 1, 2018 fall and onset of symptoms. [] Claimant's credibility is further supported by the testimony of [Claimant's expert's] review of medical records and examination of [] Claimant and that there was no medical evidence [that] Claimant was unable prior to

3

September 1, 2018, to do the construction work [that] he was assigned [while] working for [] Employer . . . .

24. The testimonies of [Claimant's expert] and [Employer's expert] have been reviewed and considered in their entirety and found to be competent with the greater weight for persuasion given the testimony of [Claimant's expert] whose testimony is found to be credible. When the testimony of [Employer's expert] conflicts and[/]or disagrees with the testimony of [Claimant's expert,] it is particularly rejected as not credible.

[Employer's expert's] testimony is particularly rejected as not credible, namely his impression based on [a] history [that] Claimant *might* have sustained a non-displaced lateral condylar fracture of the proximal right lateral tibia plateau as a result of the September 1, 2018 fall. (emphasis added.) . . . [Employer's expert's] opinion [that] Claimant is fully recovered from the September 1, 2018 injury is particularly rejected as not credible.

The diagnosis and opinions of [Claimant's expert] are particularly credible supported by his review of medical records including operative reports and diagnostic [magnetic resonance imaging (MRI)], his reliance o[n] the credible history and onset of symptoms in his knee September 1, 2018, and ongoing, with [] Claimant's history consistent with the medical records and [Claimant's expert's] observations on physical examination with clinical findings. [Claimant's expert's] credibility is supported by his training and experience licensed to practice medicine in the Commonwealth of Pennsylvania with an active clinical practice seeing patients, 70% of his practice involves treating surgical or non-surgical pain.

25. [] Claimant on September 1, 2018 was injured while in the course of employment and related thereto while employed by Employer[.] The nature of the injury is a non-displaced lateral condylar fracture of the proximal right lateral tibia plateau and traumatic injury superimposed on pre[-]existing osteoarthritis requiring

4

surgery [on] December 28, 2018. The Employer had timely notice of the injury.

26. [] Claimant due to the September 1, 2018 injury became temporarily totally disabled [on] November 27, 2018, [and] ongoing.

R.R. at 29a-30a. Based on his findings, the WCJ concluded that Claimant met his burden to receive benefits, including provision of timely notice to Employer. R.R. at 30a.

Employer and Claimant then both appealed the WCJ's order to the Board, which affirmed the WCJ's decision. Employer argued in its appeal that the WCJ erred in finding timely notice, that the WCJ's decision was not supported by substantial evidence, that the WCJ capriciously disregarded evidence, and that the WCJ erred by accepting the interpreter's interpretation over Owner's interpretation of text messages between Claimant and Owner. R.R. at 49a. Claimant argued in his appeal that the injury description should have included lower back pain. *Id.*

The Board concluded that the WCJ did not err when he found that Claimant provided timely notice of injury to Employer, based on Claimant's phone calls to Employer in which Claimant indicated to Owner that he "fell down the stairs at the worksite and hurt his knee, and that he communicated this information in the same month that the injury occurred. The WCJ rejected [Owner's] testimony that he did not know Claimant was alleging a work injury until he received the [c]laim [p]etition." R.R. at 54a. The Board also affirmed the WCJ's conclusions that Claimant sustained a work injury on September 1, 2018, in the form of a non-displaced lateral condylar fracture of the proximal right lateral tibia plateau, and traumatic injury superimposed on pre[-]existing osteoarthritis, which required surgery on December 28, 2018, based on Claimant's expert's diagnosis and opinions as well as Employer's expert's opinion of Claimant's work-related diagnosis. *Id.* at

5

55a. The Board rejected Claimant's appeal that his injury should also include lower back pain, because Claimant presented no medical evidence that the back pain was work related. *Id.* The Board also affirmed the WCJ's determination of Claimant's date of disability as of November 27, 2018, and ongoing, based on Claimant's and Owner's testimony that Claimant ceased working on that date. *Id.* The Board disagreed with Employer's argument that the WCJ erred by accepting the interpreter's interpretation of text messages between Claimant and Employer, where the interpreter was not a fact witness but who was duly sworn to interpret testimony at the hearing without objection. *Id.* The Board further found that Employer's objection to the interpreter's interpretation of the text messages did not concern an objection to any specific word, phrase, or sentence, but concerned whether the second page of texts were texted on a different day than the first page of texts, and Employer failed to explain why Owner's interpretation was more credible. *Id.* at 56a. Therefore, the Board found that the WCJ did not err when he concluded that Claimant met his burden to prove that he was entitled to benefits under the Act, including the notice requirements in Sections 311, 312, and 313 of the Act, 77 P.S. §§631, 632, and 633. Employer then petitioned our Court for review.[4, 5]

---

[4] Claimant did not petition this Court for review of the WCJ's description of injury. In addition, we denied Employer's request for supersedeas in an Order dated June 3, 2021, docketed at No. 140 C.D. 2021.

[5] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1318 n.4 (Pa. Cmwlth. 1996). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992).

Employer presents five questions for our review. Employer argues that: (1) the WCJ erred in finding that Claimant provided adequate and timely notice of injury to Employer; (2) the WCJ erred in finding that Claimant became disabled on November 27, 2018, and ongoing; (3) the WCJ erred in how he described Claimant's knee injury; (4) the WCJ erred in permitting the interpreter to testify regarding the interpretation of text messages between Claimant and Employer; and (5) the WCJ failed to issue a reasoned decision.

As we review the foregoing issues presented by Employer, we are mindful that in workers' compensation cases, the "WCJ is the ultimate fact-finder who must determine credibility and evidentiary weight. In this role, the WCJ freely evaluates the evidence offered and can accept or reject any [witnesses'] testimony, in whole or in part, including that of medical witnesses." *Davis v. Workers' Compensation Appeal Board (City of Philadelphia)*, 753 A.2d 905, 909 (Pa. Cmwlth. 2000). As this Court further stated, "[w]hile this Court can and should consider the competency and sufficiency of evidence presented before a WCJ, the WCJ's assessment of witness credibility is not subject to our review on appeal." *Id.* We further observe that the party who prevailed before the WCJ is entitled to the benefit of all favorable inferences that can be drawn from the evidence. *Krumins Roofing & Siding v. Workmen's Compensation Appeal Board (Libby & State Workmen's Insurance Fund)*, 575 A.2d 656, 659 (Pa. Cmwlth. 1990)

To prevail on a claim petition, a claimant "has the burden of proving all elements necessary to support an award of benefits. This includes proving that the claimant gave the employer timely notice of the injury." *Gahring v. Workers' Compensation Appeal Board (R and R Builders)*, 128 A.3d 375, 380 (Pa. Cmwlth. 2015) (internal citations omitted). The question of whether a claimant has provided

7

timely and adequate notice of injury to the employer "presents a mixed question of fact and law. . . .   As this issue is significantly fact driven, great deference is to be given to the lower tribunal's determinations."  *Gentex Corporation v. Workers' Compensation Appeal Board (Morack)*, 23 A.3d 528, 534 (Pa. 2011).

Employer first argues that the WCJ erred in finding and concluding that Claimant provided adequate and timely notice of his injury to Employer as required by Sections 311, 312, and 313 of the Act.  Section 311 of the Act requires, in relevant part, that the employee provide notice of injury to the employer within 120 days of injury, or no compensation shall be allowed.  77 P.S. §631.  Section 312 of the Act requires that this notice "shall inform the employer that a certain [employee] received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified."  77 P.S. §632.  Section 313 of the Act requires, in relevant part, that this notice "may be given to the immediate or other superior of the [employee], to the employer, or any agent of the employer regularly employed at the place of employment of the injured employe." 77 P.S. §633.

Employer faults the WCJ's decision for not stating the reasons why he accepted certain evidence or rejected conflicting evidence, such as Owner's testimony regarding notice, and an affidavit submitted by Employer's insurer (Shadle affidavit) which stated that Employer had notice of Claimant's injury on March 15, 2019, when Claimant filed his claim petition.  R.R. at 363a.  Employer also faults the WCJ for failing to make findings on whether Claimant's notice to Bogdan was notice to Employer's agent, when Owner testified that Bogdan was not employed by Employer, but Owner admitted that he never told Claimant that Bogdan was employed by another contractor.  *Id.* at 86a, 100a.  In support, Employer cites

8

*Gribble v. Workers' Compensation Appeal Board (Cambria County Association for the Blind)*, 692 A.2d 1160 (Pa. Cmwlth. 1997), which held that a claimant failed to provide an employer with adequate notice when he informed the employer that he had injured his back, but not that the injury was work related. In *Gribble*, the claimant informed his employer that "he was unable to work due to his back pain. He did not inform the [e]mployer that his back pain was due to an injury incurred during the course of his employment …." *Id.* at 1162. Employer argues that Claimant's notice to Bogdan, who supervised Claimant's on-site work but who was not employed by Employer, fails to satisfy Section 313 of the Act, which permits notice to Employer's agent. Employer also objects to the WCJ's failure to credit the Shadle affidavit which confirms the date of notice to Employer as March 15, 2019, thus rendering Claimant's notice untimely under Section 311 of the Act.

Claimant responds that the WCJ did not err in finding that he provided timely and adequate notice of injury to Employer, based on his telephone calls directly to Employer in the month following the injury, and based on the text messages between Claimant and Employer. Claimant responds that the WCJ credited Claimant's testimony over Owner's testimony, and where Owner's testimony conflicts or disagrees with Claimant's testimony, the WCJ particularly rejected Owner's testimony, and that these credibility determinations may not be reweighed on appeal. Claimant further responds that the WCJ credited the interpreter's interpretation of text messages between Employer and him, and specifically rejected Owner's testimony regarding his interpretation of those text messages, and that this credibility determination may not be reweighed on appeal.

The first text message, which Claimant sent to Owner in Polish on September 11, 2018, was translated into English as follows:

9

I-I have an appointment on the 29th with an orthopedist that-that I twisted on the steps when Bogdan was still here. The knee is like a balloon. I have something to-a device that helps a little bit, but I still feel pain. Ask Bogdan or Mike[, another on-site foreman,] when it happened. The work on the roof, I keep straining the knee even more.

R.R. at 127a, 284a.

A second text message exchange, which was also in Polish and occurred on an unknown date after Owner received the first text, was translated into English as follows:

[From Claimant to Owner:] I have to go and see a doctor. And I have to fly to see a doctor, I sent you a text message three weeks ago that I have a problem with my knee.

[From Owner to Claimant:] I will not discuss it with you. I think I'm treating you more than seriously. I should send you a report with everything with which we now have problems. Just yesterday there were three hydraulic leaks, doors that you installed, they all need to be correct, et cetera.

R.R. at 128a-29a, 285a. Although Owner testified that he received and sent these messages, Owner testified that his response in the second text message was not directed at Claimant's work-related injury, and that Owner "never thought [that Claimant] was injured at work." *Id.* at 142a-43a.

As to Employer's first issue, we discern no error in the WCJ's finding that Claimant provided adequate and timely notice to Employer. The WCJ credited Claimant's testimony regarding the phone calls that he made to Owner informing Owner of his work-related knee injury in the month following the injury, and the WCJ credited Claimant's testimony and the interpreter's translation of the text messages between Claimant and Owner. We cannot review these credibility determinations on appeal. The "WCJ is the ultimate fact-finder, who must determine

10

the credibility and weight of [witnesses'] testimony, in which the WCJ is free to accept or reject [witnesses'] testimony, in whole or in part, including that of medical witnesses." *Davis*, 753 A.2d at 909. "Although this Court can and should assess the competency and sufficiency of witness testimony, it may not review on appeal a WCJ's assessment of witness credibility." *Id.*

We also note that our Supreme Court has held that questions regarding notice present a "mixed question of fact and law," and that because notice questions are "significantly fact driven, great deference is to be given to the lower tribunal's determinations." *Gentex*, 23 A.3d at 534. "[M]ultiple communications between an injured employee and an employer may be considered in determining whether an injured employee has provided notice to his or her employer sufficient to satisfy Section 312." *Id.* at 537. Further, "consistent with the humanitarian purposes of the Act, we made clear that even imperfect notice can satisfy Section 312." *Id.* at 535.

Although Employer argues that the WCJ erred in rejecting Owner's testimony that he did not know Claimant's knee injury was work related, we discern no such error. The WCJ found that Claimant's phone calls to Owner, along with their text message exchanges, satisfied the notice requirements of Section 312 of the Act, when Claimant communicated to Owner, who was his employer, that Claimant suffered an injury to his right knee while working at his place of employment on September 1, 2018, when he fell down steps while carrying accordion doors that he was replacing. The fact that Claimant's notice came through a series of communications with Owner, or that Claimant failed to provide a specific diagnosis for his knee injury, does not render Claimant's notice inadequate. *Gentex*, 23 A.3d at 534, 537. In *Workmen's Compensation Appeal Board v. Potomac Edison of Pennsylvania*, 350 A.2d 914, 916 (Pa. Cmwlth. 1976), our Court held that notice

11

was sufficient when a claimant informed her supervisor that she felt a pain in her neck as she was getting out of the truck she used to perform her meter reading duties, and that she could not continue working that day. Here, Claimant's notice is legally adequate, and it provided more details than the notice in *Potomac Edison*.

We further conclude that Employer's reliance on *Gribble*, 692 A.2d at 1162, is misplaced because, here, the WCJ did not make any findings that Claimant provided notice to Bogdan as Employer's agent, but that Claimant communicated directly with Owner. We further discern no error in the WCJ's rejection of Employer's Shadle affidavit, when the Shadle affidavit was not dated or sworn. R.R. at 26a, 363a. Here, given the WCJ's credibility findings and our Supreme Court's direction in *Gentex*, we conclude that the WCJ did not err in finding that Claimant provided adequate and timely notice to Employer, satisfying the requirements of Sections 311, 312, and 313 of the Act.

Employer next argues that the WCJ erred when he found that Claimant's disability began November 27, 2018, the day that Claimant stopped working, and ongoing. Employer argues that because Claimant's expert did not evaluate Claimant until September 4, 2019, Claimant failed to prove that his disability began on November 27, 2018. Employer correctly argues that in a claim petition, a claimant bears the burden of proving a work related injury which renders him incapable of performing the time-of-injury job, and, if the employer asserts that the claimant can perform some work without restrictions, the employer must prove that suitable employment is available. *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 742 A.2d 649, 654 (Pa. 1999). Employer argues that although Claimant stopped working on November 27, 2018, in the absence of medical testimony to confirm the date and extent of Claimant's disability,

12

Claimant failed to sustain his burden. Employer further argues that the WCJ erred in evaluating photographs attached to Employer's expert's deposition, which show Claimant performing various work activities from September 24, 2018, through November 26, 2018. R.R. at 267a-79a. After reviewing the photographs, the WCJ gave "greater weight for persuasion to [] Claimant's credible testimony, particularly pertaining to his activities from September 1, 2018, and ongoing and the right knee pain he experienced while doing those activities." R.R. at 29a.

Claimant responds that the WCJ did not err, because his findings were based on credibility determinations. Claimant contends that there is no disagreement over the date that he stopped working, as both Claimant and Owner testified as to the same date. Claimant further responds that the WCJ credited Claimant's testimony, in which Claimant explained that he stopped working on November 27, 2018, because his knee was so painful that he could no longer work, and after which he secured treatment and knee surgery. He notes that the WCJ also credited the evidence indicating that he has been unable to return to his pre-injury work.

As to Employer's second issue, we discern no error in the WCJ's finding that Claimant's disability began on the date that he stopped working, November 27, 2018, and that his disability is ongoing. The WCJ credited Claimant's testimony and Owner's testimony, when consistent with Claimant's testimony, that Claimant became disabled as of his last day of work with Employer, and that Claimant remains unable to return to his pre-injury construction work. The WCJ also credited Claimant's expert's testimony that Claimant became disabled due to his right knee injury, "for which he remains symptomatic [and] not fully recovered." R.R. at 211a. We will not disturb the WCJ's credibility assessments on appeal. *Davis*, 753 A.2d at 909.

We also discern no error in the WCJ's review of Employer's photographs, which show Claimant performing construction work after his injury and before he left work to seek treatment. As our Supreme Court noted, "[d]isability is synonymous with loss of earning power." *Vista International Hotel*, 742 A.2d at 654. The photographs show that Claimant continued to work after his injury, which is consistent with Claimant's credited testimony that he continued to work after his injury until the pain became too great to continue. Therefore, we find no error in the WCJ's conclusion that Claimant became disabled as of November 27, 2018, which is the date on which Claimant stopped working, thereby resulting in a loss of earning power due to his work-related knee injury.

Employer argues in its third issue that the WCJ erred when he defined Claimant's injury as "a non-displaced lateral condylar fracture of the proximal right lateral tibia plateau and traumatic injury superimposed on pre[]existing osteoarthritis requiring surgery December 28, 2018." R.R. at 30a. Employer argues that Claimant's expert's primary diagnosis, related to the September 1, 2018 injury, which was credited by the WCJ, was "right knee trauma with aggravation of pre[]existing osteoarthritis and medial lateral meniscal tears." *Id.* at 22a, 220a. Employer's expert's testimony, which the WCJ rejected when in conflict with Claimant's expert, was that "Claimant *might* have sustained a non-displaced condylar fracture of the proximal right lateral tibia plateau as a result of the September 1, 2018 fall." *Id.* at 27a, 302a (emphasis added). Employer's expert testified that he used the word "might" because "I was not present, I was not his treating physician, I am not his treating physician, and it's based on the history [that] I have gotten from the patient, assuming that that history is accurate and correct." *Id.* at 302a. Employer argues that the WCJ erred by substituting his own description

14

of injury for that of the medical witnesses. Claimant responds that the WCJ committed no such error, because both Claimant's expert and Employer's expert agreed on Claimant's diagnosis, which the WCJ found to be credible as they were consistent with each other.

As to Employer's third issue, we discern no error in the WCJ's description of injury, which was based on both Claimant's expert's and Employer's expert's testimony. Although Employer correctly notes that in one part of his testimony, Claimant's expert described the injury as trauma to the right knee and not a right knee fracture, Claimant's expert testified elsewhere that he agreed with Employer's expert that Claimant suffered a right knee fracture. R.R. at 22a, 209a-11a. Claimant's expert testified that, assuming that Claimant's description of what happened is accurate, "[h]e did have evidence of an intrachondral fracture. He had the arthritis. So, the mechanism of injury is consistent with trauma to the knee." *Id.* at 210a-11a. We cannot reweigh the WCJ's credibility determinations on appeal. *Davis*, 753 A.2d at 909.

Employer argues in its fourth issue that the WCJ erred in allowing the interpreter to testify regarding the text messages between Claimant and Employer, when the interpreter was not a fact witness. Employer asserts that the WCJ erred in allowing the interpreter to get involved in an argument with Employer about the accuracy of the translation. Claimant did not respond specifically to this issue, but responds in general that the WCJ did not err in making his findings based on credibility determinations.

As to this issue, we agree with the Board that the WCJ was not required to make a credibility determination as to the interpreter, when the interpreter was not a fact witness, but was duly sworn at the beginning of the hearing, with no objection

15

from the parties. R.R. at 56a. We also agree with the Board that Employer's objection was not "with any specific word, phrase or sentence," but concerned whether the "second page of the text messages was texted on a different day" rather than the text message on the first page. *Id.* Employer had the opportunity to explain why the WCJ should credit Owner's testimony regarding the content of the texts, but it failed to provide any evidence of the interpreter's bias or incompetency. *Id.* Thus, we discern no error in the WCJ's findings regarding the interpretation of text messages between Claimant and Owner.

Finally, in its fifth issue, Employer argues that the WCJ's serial errors that pervade his findings and conclusions undermine his adjudication, and that the WCJ failed to present a reasoned decision. Claimant again responds generally that the WCJ did not err in making his findings based on credibility determinations.

As to this issue, we have already determined that the WCJ did not err in his findings regarding notice, the date of Claimant's disability, the description of Claimant's injuries, or his review of the interpretation of text messages between Claimant and Owner. We note that a reasoned decision must provide an adequate basis for appellate review, but that "the WCJ is not required to address all of the evidence presented in a proceeding" in his written adjudication. *Green v. Workers' Compensation Appeal Board (US Airways)*, 155 A.3d 140, 147 (Pa. Cmwlth. 2017) (citations omitted). To satisfy the requirement for a reasoned decision, the WCJ "must only make findings necessary to resolve the issues raised by the evidence and relevant to the decision." *Id.* at 148. Here, because the WCJ made all necessary findings to permit our review, we reject Employer's argument that the WCJ failed to present a reasoned decision.

16

For all of the foregoing reasons, we affirm the Board's order, which affirmed the WCJ's decision and order granting Claimant's claim petition.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

EJR Properties, LLC,                         :
                                             :
                        Petitioner           :
                                             :
            v.                               : No. 140 C.D. 2021
                                             :
Bronislaw Malczuk (Workers'                  :
Compensation Appeal Board),                  :
                                             :
                        Respondent           :

# **O R D E R**

AND NOW, this 22nd day of February, 2022, the order of the Workers' Compensation Appeal Board dated February 18, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge